## BAILEY v EAKMAN et

Ohio Appeals, 4th Dist, Lawrence Co

Decided June 1, 1932

H. A. McCown, Ironton, and F. A. Ross, Ironton, for plaintiff in error.

A. J. Layne, Ironton, and Henry W. Cherrington, Gallipolis, for defendants in error.

BLOSSER, J.

Numerous objections and exceptions were taken to the admission and rejection of testimony and a number of doubtful and difficult questions appear in the record, but in view of the fact that George Oden Davis, an essential and necessary party was omitted in the court below, we do not deem it would serve any useful purpose for us to review those questions at this time as they may not arise in a future trial of the case when all necessary and essential parties are before the court.

After the case was argued and submitted to this court in this error proceeding the plaintiff in error filed an amendment to the petition in error asking that the judgment of the court below be reversed for the reason that one George Oden Davis, a necessary and indispensable party, was not before the court below, service not having been obtained upon him by summons or otherwise before the trial of said cause, and that by reason thereof the court below did not have jurisdiction of the cause before or during the trial thereof, and that for that reason the findings and judgment of the court below are null and void.

The record discloses that under item nine of the will of the deceased George Oden Davis was named as a beneficiary and was bequeathed the sum of two hundred dollars. He was not brought before the court below by summons, waiver or in any other manner, and the case proceeded to judgment without his appearance.

Sec 12080 GC, provides:

"All the devisees, legatees and heirs of the testator and other interested persons, including the executor or administrator, must be made parties to the action."

This provision of the statute is mandatory and courts hold

"that a will can not be set aside as to some and sustained as to others."
Bates Pl. & Pr. (4 Ed.) 2443.

The case of **Church v Nelson, 35 Oh St, 638,** holds:

"In a suit to contest the validity of a will, the legatees and devisees are indispensable parties; and the omission to make a legatee a party to such suit is error, for which the decree setting aside the will will be reversed."

To the same effect is McArthur v Scott, 113 U. S. 1015, 1031.

For the reason indicated and upon the authorities cited the judgment of the Court of Common Pleas is reversed and the case remanded to that court for further proceedings according to law.

MAUCK, PJ, and MIDDLETON, J, concur.