### CAMPBELL, Plaintiff-Appellant, v JOHNSON, et, Defendants-Appellees.

Ohio Appeals, Second District, Franklin County,

No. 4058. Decided February 9, 1948.

Messrs. Herbert & Dombey, Frank H. Ward, Columbus, for plaintiff-appellant.

Hon. Robert P. Duncan, Columbus, Messrs. Vorys, Sater, Seymour & Pease, Webb I. Vorys, of Counsel, Columbus, for defendants-appellees.

## OPINION

By MILLER, J.

This is a will contest case brought by Joseph C. Campbell II contesting the will of his father, Samuel H. Campbell.

The record discloses that Samuel H. Cambell died on June 9, 1933. His will was admitted to probate on June 19, 1933. At that time appellant was a minor of about the age of nine years. He attained his majority on October 4, 1944, and filed his petition to contest the will on April 2, 1945, naming as defendants Barbara C. Johnson, formerly Barbara C. Duncan, Cynthia C. Duncan, and Robert P. Duncan as Executor and Trustee. The defendant Robert P. Duncan was named executor in the will and was also named testamentary trustee. The first two named defendants and the appellant were the only beneficiaries named in the will. Service of summons was had upon the two first named defendants as individuals and upon Robert P. Duncan as Executor and Trustee. Robert P. Duncan, Appellee, fully performed and completed his duties as Executor and was discharged on September 25, 1934. He then assumed his duties as Trustee and has continued as such and

is now Trustee of the estate of the testator in accordanace with the provisions of the will. Service of summons was duly had upon all of these defendants prior to the tolling of the statute of limitations, Robert P. Duncan having been served as Executor and also as Trustee. A motion to strike was sustained and an amended petition was filed on October 14, 1946. Preparatory to trial an entry was journalized putting in issue the validity of a paper writing purporting to be the last will and testament of the said Samuel R. Campbell. On November 20, 1946, the defendants-appellees filed an application for leave to file a motion to quash the service of summons on Robert P. Duncan as Executor, submitting as proof in support thereof that according to the records of the Probate Court of Franklin County he had not acted in that capacity since September 25, 1934. The Court granted leave to file said motion and it was sustained. Defendants then demurred to the amended petition on the ground of defect of parties, claiming that as Robert P. Duncan as Executor was no longer in the case, there was no representative of the estate and there was consequently a defect of parties defendant. An application for leave to file a second amended petition was granted. Thereupon Harry P. Nester was appointed administrator de bonis non. The second amended petition was filed and the said Harry P. Nester entered his appearance as a party defendant in the capacity of administrator de bonis non. The defendants demurred to the second amended petition on the ground of defect of parties defendant, and the Court sustained this demurrer for the reason that the administrator de bonis non entered his appearance after the expiration of the statute of limitations.

The determinative questions on this appeal concern the correctness of the ruling on the motion to quash the service of summons and the order sustaining the demurrer to the second amended petition. It is admitted that the administrator was made a party after the tolling of the statute. Under this state of facts two questions are presented: First, was the appointment of an administrator de bonis non required under §12080 GC? Second, if required, was a member of his class and united in interest with him served as required by §11230 GC prior to the tolling of the statute of limitations by the serving of summons upon the testamentary trustee? If so, then the administrator de bonis non could be served after the required statutory period. The answer to the first question is found in §12080 GC, which provides:

"All the devisees, legatees, and heirs of the testator, and other interested persons, including the executor or administrator, must be made parties to the action."

It has been held, in numerous Ohio cases, that this section is mandatory. The word "must" connotes the idea of necessity and it has been held in Berg, et al. v Merchant, et al., 15 F. (2) 990, that the word "must" as it is employed in §12080 GC is not construable as "may". Judge Donahue at page 991 of the opinion made the following observation:

"Sec. 12080 GC provides that 'all the devisees, legatees and heirs of the testator, and other interested persons, including the executor or administrator must be made parties to the action'. While, under the provisions of §10213 GC, the words of a statute are to be liberally construed, unless the context requires a strict construction, and the courts of Ohio have also held that the word 'may' shall be read 'must' where public interest or rights are concerned, or where something is directed to be done for the sake of justice or public good, yet the word 'must' is so imperative in its meaning that no case has been called to our attention where that word has been read 'may'. Certainly there is no reason why it should be so read in this statute, which specifically provides that the heirs of the testator 'must be made parties to the action'."

The appellants have cited the case of Gurley, et al. v Wade Armentrout, et al., 6 O. C. C. (N. S.) 156 as being contra to the Berg case, supra. The Armentrout case, by coincidence, was decided by the Honorable Maurice H. Donahue while a member of the Circuit Court of Wayne County and the same Judge Donahue, at a later date decided the case of Berg v Merchant, et al., while a member of the United States Court of Appeals of this circuit. Evidently he had changed his opinion as to the mandatory requirement of §12080 GC when he decided the Berg case. This Court held in the case of Hayes v Peak, decided June 28, 1934, being case No. 2416, that in an action contesting a will the executor is a necessary party and must be made a party as executor within the statutory time, although he has been sued as an individual within such time.

The case of Myers, Exrx. v Hogue, et al., 45 Oh Ap 330, presented the converse of the situation in the Berg case, in that the Court held that although the executrix was made a party in her representative capacity she was not by virtue of that fact made a party as an individual. The Court, after pointing out the mandatory character of §12080 GC, at page 335, said:

"An executor, as previously pointed out, has interests in an estate not possessed by a beneficiary. When summond into court in a will contest, it is these interests he would protect.

* * * The heirs at law well know the terms of §12080 GC, and that an executor has a duty to perform, and interests to protect, unlike those of a legatee or devisee."

See also **Sours v Shuler, 12 Abs 108; Bailey v Eakman, 12 Abs 290; Machovina, et al. v Machovina, et al., 132 Oh St 171.**
We are of the opinion that the imperative requirement of a statute may not be modified by a Court through a judicial decree. Any reading of exceptions into the statute would be judicial legislation. The Court must assume that the Legislature had a reason for requiring that the personal representative be made a party. We are therefore of the opinion that the administrator de bonis non was a necessary party defendant and the Court made no error in so ruling.

The next question for our consideration is whether or not the action against the administrator de bonis non was commenced within the required statutory period. It is admitted that the service of summons was had upon him after the tolling of the statute, but the appellant is contending that a party united in interest with him was served within the required time, and therefore he could be served after the required statutory period. **Sec. 11230 GC** provides when an action is begun, as follows:

"An action shall be deemed to be commenced within the meaning of this chapter, as to each defendant, at the date of the summons which is served on him or on a co-defendant who is a joint contractor, or otherwise united in interest with him. When service by publication is proper, the action shall be deemed to be commenced at the date of the first publication, if it be regularly made."

Under this section the appellant is correct if the administrator de bonis non and the testamentary trustee are united in interest. The appellant contends that they are because of §10509-22 GC, which provides:

"When a will is contested, the executor or the administrator de bonis non, with the will annexed, or the testamentary trustee during the contest, may control all the real estate not specifically devised, included in the will, and all the personal estate of the testator, not duly administered before such contest; collect the debts, and convert all assets into money, except such as are specially bequeathed; pay all taxes on such real and personal property, and all debts according to law; if

necessary to preserve the real property from waste, repair buildings and other improvements; insure them, upon an order therefor first obtained from the court having jurisdiction of such executor, administrator or testamentary trustee, and for such repairs, taxes and insurance, advance or borrow money on the credit of such estate, which shall be a charge thereon. They also may receive and receipt for a distributive share of an estate or trust to which such testator would have been entitled, if living. The probate court may require such additional bonds as from time to time seems proper."

We do not think their interests are united, even though they may perform similar duties during the contest. In general, the duties of an executor or administrator and a testamentary trustee are not similar or the same. The executor has charge of the entire estate and is responsible for the settlement of the entire estate, including collection of assets, payment of funeral expenses, costs of last illness, payment of debts, sale of real property, if necessary to pay debts, and to distribute the residue of the estate, whereas the testamentary trustee only has charge of that portion of the estate which is willed in trust to him which may be a large or a smaller portion of the estate. In a will contest case the executor or administrator de bonis non with the will annexed has a definite duty and function. The decedent has the right to have his interests protected and his desires and wishes as expressed in his will protected by a properly constituted legal representative of his estate. Suppose in a contested case the heirs conspired to have the will collusively set aside. Certainly the decedent would have the right to have his desires and wishes protected by a properly constitued legal representative of his estate. Heirs cannot be permitted to make a new will for the decedent or to ignore his expressed desires. That is probably the reason the statute provides that the executor or administrator must be made a party. If the Legislature had intended that a testamentary trustee be made a party defendant fiduciary to represent the estate in a will contest action in addition to the executor or administrator, the Legislature would have so stated in §12080 GC. Where there is a will there is an executor and the statute by using also the word "administrator" contemplates the appointment of an administrator to represent the estate in a contest action if and when the executor no longer exists. The testamentary trustee and the administrator de bonis non are not of the same class and will not be similarly affected by the determination of the issues in this case. If the will should be set aside the legatee-devisee trustee

would immediately cease to exist since there would no longer be any trust while the administrator de bonis non would remain active and have charge of the estate of which the testamentary trustee now has charge. One would benefit by the setting aside of the will, the other, by the sustaining of the will. Therefore, it cannot be said that they are united in interest. Counsel for the appellant concede that service upon any one class prior to the tolling of the statute does not authorize service upon a member of another class after the expiration of the statute. Since the testamentary trustee and the administrator are not of the same class, service upon the testamentary trustee does not support service upon the administrator after the statute of limitations has run. The defendants seem to rely chiefly upon the case of **Draher v Walters,** et al., 130 Oh St 92, the syllabus of which is as follows:

"Service of summons upon one of the legatee devisee defendants, in an action to contest the validity of a will, is to be deemed commencement of the action as to each of the defendants of that class, and also the executor. Actual service of summons can thereafter be made upon the remainder of the defendants of that class."

The facts in this case disclose that Florence Draher instituted suit in the Court of Common Pleas of Stark County on April 26, 1933, to contest the validity of the last will and testament of her father, William Archibald, which was admitted to probate on January 21, 1933. She named as defendants in said action all the legatees, devisees and the executor of the said last will and testament. A precipe was attached to the petition requesting service upon all parties defendant. The clerk issued summons for only one of the defendants, Josey Palm, a legatee-devisee under said will, who was served on May 5, 1933, and return thereof was made on May 8, 1933. For some unknown reason the clerk failed to issue summons for the executor and the remaining defendants. Said failure was discovered by the plaintiff, on October 25, 1933, and she immediately thereupon filed a precipe for alias service of summons upon the other defendants, pursuant to which all were duly served with process on October 26, 1933. These defendants were served after the required statutory period.

In its decision the Court said.

"In construing §11230 GC, every reasonable presumption will be indulged and every doubt will be resolved in favor of affording rather than denying a plaintiff his day in court. The key words in that statute are "united in interest". Where-

ever possible, these will be construed liberally in order that the right to sue may be maintained rather than denied.

Accordingly we hold that in an action to contest the validity of a will, the legatee-devisee defendants are so united in interest as to render service of summons upon any one of them within the time set by statute sufficient to constitute commencement of the action against all of them, thereby giving the court jurisdiction over the entire estate; for when the court obtains jurisdiction over an estate it does so in its entirety and not in fractions. **Bradford v Andrews, 20 Oh St, 208, 5 Am. Rep., 645.** In such case the court acquires jurisdiction not only over the rem but also over all those who have, or claim to have, an interest therein, and the right of action is saved as to all who are ultimately served, **including the executor,** notwithstanding the fact that the rest of such defendants are served after the expiration of the period of limitation." (Emphasis ours.)

The Court then quotes from Bradford v Andrews as follows:

"Where a proceeding for the contest of a will is commenced within the statutory period of limitation, although only part of the persons interested in the contest are made parties thereto, the right of action is saved as to all who are ultimately made parties, notwithstanding some of them are not brought into the case until after the period of limitation has expired."

In commenting upon this case and others, Judge Reynolds said:

"It is interesting to note that in the case of Bradford v Andrews the parties brought in after the limitation for bringing the suit to contest a will, were heirs, and therefore belonging to the same class as the legatees and heirs who were brought in within the statutory time, and further that the executor had been named as a party defendant and duly served with summons so that the Court did not in that case hold that service on an heir or legatee, would save the running of the statute, as regards an executor later brought into the case.

"It is also of interest in the case of Draher v Walters, supra, that plaintiff had done everything necessary or possible for her to do with respect to designating all the proper and necessary parties, and to set in motion the proper machinery to have them brought into the case by the service of summons. It was only the dereliction of a Court official which enabled

the questions as to whether the suit had been timely commenced to be raised.

"The Court sought to differentiate a former decision of the Supreme Court in the case of **McCord v McCord, 104 Oh St 274,** the third syllabus of which is as follows:

" 'An executor named in a will is not "united in interest" with the heirs and devisees, and an action to contest a will is not commenced as to the heirs of the testator and the devisees under the will by the issuance of a summons for the executor, though duly served upon him.'

"In that case, Frank L. McCord filed suit to contest the will of James W. McCord, and named all the devisees, legatees and heirs of the testator and the executor of the will, but filed a precipe for service on the executor only. The will was probated on May 3, 1918, and the suit was brought May 1, 1919; at that time the statutory period for bringing such a suit was one year. On November 4, 1919 an affidavit for service by publication was filed and on December 11, 1919 a motion was filed by the executor to dismiss the action on the ground that the suit had not been timely brought against the legatees and heirs, and this motion was sustained by the Common Pleas Court and affirmed by both the Court of Appeals and Supreme Court.

"In its decision the Court said:

'Counsel for plaintiff in error urges that since the executor is a necessary party it must be concluded that he is a codefendant "united in interest" with the various other defendants in the action, and that therefore the action was commenced as to all of said defendants at the date of the summons which was served on the executors

'This contention, however, ignores absolutely the significance of the term "united in interest". The issuance of the summons for a defendant afterwards duly served does not operate to fix the time of commencing an action as to all codefendants, for the statute has specifically provided that it has such effect only as to a codefendant "who is a joint contractor, or otherwise united in interest with him". Hence the mere fact that one is a necessary party, made so by the statute, does not make him a party "united in interest" with other necessary parties defendant. * * * The word "united" means joined or combined, made one; allied. "United in interest" means identity of interest, and that can exist only as to parties who would be similarly affected by the same general result of the litigation, in this instance, those benefited by the sustaining of the will, or those benefited by setting it aside.

'Codefendants are "united in interest" therefore only when they are similarly affected by the determination of the issues involved in the action. The only theory upon which it is claimed that the executor is "united in interest" with a devisee of legatee named in the will is that both are concerned in having the will sustained, but of course that cannot be true as to a devisee or legatee who is an heir and who as such would be more greatly benefited if the will were set aside. Unless it be conceded that the executor is interested in setting aside the will he has no "unity of interest" with an heir of the testator who is not named in the will, or who, though a legatee, will receive greater benefit if the will be held invalid. * * *

'We do not think in this case the executor can be said to be "united in interest" with either of the classes of defendants above referred to. "An executor is not bound to assume the burden of the defense of a contest of the will by the heirs at law but may properly throw the same upon the legatees or devisees". Executors of **Andrews v His Administrators, 7 Oh St 143.**

'The management of the estate pending settlement and distribution thereof would not be affected by the result of the action to contest the will. The only ultimate question involved is the manner of the division of the property left by the testator, and, though the issue made and submitted is the validity of the will, the real purpose and actual result is the determination of the rights of the respective parties to the property left by the testator.

'The executor not being "united in interest" with his codefendants, action against the latter was not commenced by the issuance of summons for the executor. The motion to dismiss was therefore properly sustained.'

"From this decision, which was not attempted to be reversed by the Court in the case of Draher v Walters, supra, the test of unity of interest is, would the parties be similarly affected by the same general result of the litigation.

"It would seem clear that in the instant case the administrator and the other defendants would not be similarly affected by the same general result of the litigation. The administrator naturally would benefit by the setting aside of the will while the other defendants stand to benefit only by sustaining of the will.

"The following is quoted from the decision in Draher v Walters, supra:

" 'Service of summons upon one of the legatee-devisee defendants is to be deemed commencement of the action as to each of the defendants of that class, and also the executor. Actual service can thereafter be made upon the remainder of

the defendants. This principle is not contrary to that laid down in the case of McCord v McCord, 104 Oh St 274. In that case this Court held that the members of the legatee-devisee class are not so united in interest with the executor as to render service upon the executor sufficient to constitute commencement of action against them. In effect it holds that you cannot move the substance by attempting to move the shadow. This Court does not therein hold that an action would not be deemed commenced if service were had on a defendant who is a member of the legatee-devisee class, that qustion not having been before this Court in that case and therefore not there decided. Consequently, the McCord case is not authority for the instant case.

"'The instant case decides that service upon one of the legatee-devisee class binds, as to the commencement of the action, not alone the entire legatee-devisee class, but binds also the executor, for the reason that the **shadow follows the substance.'** (Emphasis ours.)

"To this Court this is a strange process of reasoning and logic. On what theory can the Court determine that in designating the necessary parties in a will contest the Legislature made some of them substance, and some mere shadows, or in other words, some important and others unimportant and only incidental? It seems to be a clear case of judicial fiat, motivated perhaps by the fact that otherwise a litigant without fault on her part would be denied her day in court because of the mistake of an officer of the court. No place in the decision does the court discuss or point out in what way the executor was 'united in interest' with the other defendants, although stating that the key words in the governing statute are 'united in interest' and it is difficult to understand why the Court could come to a logical conclusion that while the decision of the McCord case was correct, because there was not such a unity of interest between the executor and legatee-devisees, that service on the executor was insufficient to constitute commencement of action against the latter, but that service on a legatee-devisee is sufficient to bind the executor who is later served. It is a poor rule that doesn't work both ways. Either there is such a unity of interest between these different classes that service on either is binding on the other, or, there is not such a unity that service on either is not binding on the other.

"The executor is just as much substance as a legatee. He lives and moves and has his being and to denominate him a mere shadow which must follow the other classes of defendants is but a misnomer and a total disregard of the legislative provision, and a clear departure from established rules, in order

not to work a hardship under the particular circumstances of the case.

"In the final analysis the Court bases its decision not on the necessity of a unity of interest, but upon its reasoning that the executor is a mere shadow in the action and that service on a legatee binds as to the commencement of the action, not alone the entire legatee-devisee class but binds also the executor, for the **reason that the shadow follows the substance.** (Emphasis ours.) In other words, the Court has entirely lost sight of its earlier statement that the key words in the statute are 'united in interest'.

"It is also interesting to note that there were three strong dissents in that case, and two of the dissenters are still members of the Supreme Court and but one of the four who decided the case as above stated is still a member of the Court.

"In the case of **Case v Smith, 142 Oh St 95,** the Court by the unanimous decision of those participating followed and approved the decision of the McCord case. Suit was brought to contest a will and E. Alice Smith as a beneficiary under the will and also as administratrix were made defendants along with other parties, heirs at law. Service was had only on E. Alice Smith as an individual and as administratrix. After the limitation had run other parties were made defendants and waived service.

"The question presented was whether the service on E. Alice Smith as an individual and as administratrix was such as would constitute a commencement of the action as against the other defendants served after the time within which suit might be begun had expired. The Court held that there was not such a 'united interest' as between E. Alice Smith, either as a beneficiary or administratrix and the other defendants as to constitute service on her in either capacity, a commencement of the action as to those other defendants who were served after the limitation had run. The syllabi of the McCord case are quoted in the Court's opinion and two of these are here repeated, as expressing the last pronouncement of the Supreme Court on the subject, and so being controlling now:

" '2. Codefendants are "united in interest" within the meaning of the provisions of §11230 GC only when they are similarly interested in and will be similarly affected by the determination of the issues involved in the action.

" '3. An executor named in a will is not "united in interest" with heirs and devisees, and an action to contest a will is not commenced as to heirs of the testator and the devisees under the will by the issuance of a summons for the executor though duly served upon him.'

"In **McVeigh v Fetterman, 95 Oh St 292** the Court said:

" 'No right exists to maintain an action to contest the validity of a will except as it is specifically provided by statute.'

"And the Court in Case v Smith, supra, held:

" 'The provisions of the statutes relative to an action to contest the validity of a will are mandatory, the enjoyment of the right is dependent upon compliance with the conditions and limitations therein contained.'

"If the party seeking to contest a will fails to comply with the mandatory provisions, with respect to the time of the bringing the action, the naming of the proper parties and securing proper service thereon he may not later complain that he has been deprived of his day in court. The path he must travel is clearly marked and if he deviates therefrom the Court cannot aid him by granting rights or privileges not provided by the Legislature.

"This Court agrees fully with the statement of the Court in **Bradford v Andrews, 20 Oh St 208,** to the effect that, 'When the Court obtains jurisdiction over an estate it does so in its entirety and not in fractions', but the Court does not acquire that jurisdiction unless the mandatory provisions of the statute are complied with and no attempt to confer jurisdiction, or to assume it will clothe the Court with jurisdiction without a strict compliance with those provisions.

"Solicitude for the rights of a plaintiff may have some weight with the Court under circumstances such as were present in the Draher case, but circumstances should not be used as an excuse to change a statute by judicial fiat, and the rights of defendants should also be regarded.

"The action could well have been brought years before it was and it could have been brought six months before it was, after the plaintiff had reached his majority. He sought to wait until practically the last hour and then failed to comply with the provisions of §12080 GC with respect to making the necessary parties defendants. By what process of reasoning should these defendants be compelled to defend a suit not brought pursuant to statutory requirements?

"The law gave plaintiff every and ample opportunity of which he failed to properly avail himself.

" Not making a necessary party in the person of administrator a defendant until some two years after his right to bring the action had expired his action cannot be deemed to have commenced as to that party within the limitations fixed by statute and the Court holds that the action was not commenced as against the administrator within the meaning.

of §11230 GC because the said administrator is not 'united in interest' with the other defendants, since he is not similarly interested in and will not be similarly affected by the determination of the issues involved in this action.

"This follows the law as laid down in the McCord case, supra, and followed and approved in the Court's decision in Case v Smith, supra, and also in the case of Myers v Hague, 45 Oh Ap 330."

We are in full accord with these observations as made by Judge Reynolds.

The next assignment of error is that the trial Court erred in considering and deciding the motion of the defendants-appellees to quash service of summons of one of said defendants-appellees after said defendant-appellee had entered his appearance in the cause in the Court of Common Pleas and after the issues of the cause had been made up by order of said Court of Common Pleas and after all parties defendant had entered their appearance in the cause and the same assigned for trial. The granting of the application for leave to file the motion was within the discretion of the Court. The want of jurisdiction over the person of Robert P. Duncan, Executor, clearly appears from the petition, and not being an executor he could not enter his appearance. If the service is a nullity and void the question may be raised by motion to quash at any time.

We feel that all the other assignments of errors have been fully discussed in this opinion.

We find no prejudicial error and the judgment is affirmed.

WISEMAN, PJ, and HORNBECK, J, concur.