OGAN, Appellee,

v.

OGAN, Exr., Appellant.

[Cite as *Ogan v. Ogan* (1997), 122 Ohio App.3d 580.]

Court of Appeals of Ohio,
Twelfth District, Fayette County.

No. CA96–08–018.

Decided Sept. 8, 1997.

*Mark J. Pitstick,* for appellee.

*Richard N. Koehler II,* for appellant.

POWELL, Judge.

Defendant-appellant, David T. Ogan, Jr., executor of the estate of David T. Ogan, Sr. ("decedent"), appeals a decision by the Fayette County Court of Common Pleas ordering appellant to pay plaintiff-appellee, Alice M. Ogan, the sum of $17,950.42 plus statutory interest. We affirm.

Decedent and appellee were married on June 24, 1991. On December 11, 1991, decedent signed a note with First Federal Savings Bank of Washington Court House, Ohio for the sum of $25,000. The terms of the note required monthly payments of $248.02. To secure the note, an open-end mortgage ("security instrument") was signed by decedent and appellee on December 11, 1991, giving the bank a security interest in a parcel of property. Decedent's and appellee's names are both typed on the "Borrower" line, but according to the terms of the security instrument, the definition of "Borrower" excludes appellee as a borrower, as will be more fully discussed later in this opinion. On December 13, 1991, decedent conveyed his interest in the property through a survivorship deed to himself and appellee "for their joint lives, remainder to the survivor of them."

Decedent died on August 10, 1993. Appellee continued to make monthly payments to the bank in an amount totaling $4,185.23. Appellee presented a claim against appellant claiming that appellant was obligated to reimburse appellee because of appellant's obligation to pay the note. Appellant rejected appellee's claim on August 27, 1994. Appellee sold the property on October 5, 1994 and satisfied the note by paying the bank $22,740.41 with proceeds from the sale.

Appellee filed a complaint with the trial court on October 21, 1994, alleging that she had a claim against the estate and that she "bases her claim for contribution on the legal authority set forth in *Pietro v. Leonetti* (1974) [1972], 30 Ohio St.2d 178 [59 O.O.2d 186, 283 N.E.2d 172]." At trial, after appellee presented her case, appellant made a motion to dismiss on the basis that appellee had failed to establish entitlement to any type of relief. The trial court overruled the motion.

On July 18, 1996, the trial court ruled that the obligation on the note was a debt "solely owed by decedent." The court also held that appellee had an obligation on the note which arose due to her signature on the security instrument. The court concluded that by "signing the [security instrument], appellee was pledging to the bank-obligee that she would release her dower" and concluded that appellee was therefore obligated to the bank for the amount of her dower, which is one-third. The court then found that appellant was obligated to pay the other two-thirds of the loan amount. The court awarded appellee two-thirds of the amount she had paid the bank based upon *Pietro*. Appellant timely filed this appeal.

Assignment of Error No. 1:

"The trial court erred to the prejudice of defendant-appellant in overruling defendant's motion to dismiss at the close of the plaintiff's case."

Appellant argues that his motion to dismiss at the close of appellee's case should have been granted because appellee did not establish a right of contribution. Appellant contends that the right of contribution is based upon a joint obligation, and that there is no evidence that appellee had an obligation under the note.

After the plaintiff in an action tried to a court without a jury has completed presentation of evidence, the defendant may move for a dismissal on the ground that upon the facts and the law, the plaintiff has shown no right to relief. Civ.R. 41(B)(2). A trial court's ruling on a Civ.R. 41(B)(2) motion will be set aside on appeal only if it is erroneous as a matter of law or against the manifest weight of the evidence. *Golden v. Waiwood* (June 6, 1996), Cuyahoga App. No. 68833, unreported, at 7, 1996 WL 303779.

Appellee based her claim upon the rule set forth by *Pietro,* in which the Supreme Court of Ohio stated:

"A surviving spouse, who owned real property with her husband as a joint tenant with the right of survivorship, is entitled to receive contribution from her husband's estate where she has since sold the property and discharged all liability on a joint and several mortgage note which had been signed by both herself and the decedent." *Pietro v. Leonetti* (1972), 30 Ohio St.2d 178, 59 O.O.2d 186, 283 N.E.2d 172, syllabus.

■ In order for the surviving spouse to have a right of contribution, there needs to be a joint obligation for both spouses evidenced by a mortgage note. *Pietro,* at 181, 59 O.O.2d at 188, 283 N.E.2d at 174. Therefore, in order for appellee to have a claim based upon *Pietro,* appellee must have had an obligation to pay the debt on the note.

■ "Mortgages, being voluntary security agreements incident or collateral to a primary obligation, are susceptible to the same rules of interpretation and the same framework of analysis which apply to contracts generally." *First Fed. S. & L. Assn. of Toledo v. Perry's Landing, Inc.* (1983), 11 Ohio App.3d 135, 143, 11 O.B.R. 215, 224, 463 N.E.2d 636, 646. We will therefore analyze appellee's obligations according to the language expressed in the note and the security instrument. *In re Dunn* (1995), 101 Ohio App.3d 1, 7–8, 654 N.E.2d 1303, 1307–1308.

Appellee and decedent signed the security instrument, but only decedent signed the note. According to the security instrument, "Borrower owes Lender the principal sum of [$25,000]. This debt is evidenced by Borrower's note dated the same date as this Security Instrument." Included in the security instrument is a provision stating, "Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the note and any prepayment and late charges due under the Note." This language would appear to make appellee obligated for the debt owed on the note. However, other language in the security instrument indicates otherwise.

One of the borrower's covenants in the security instrument is that "Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record." At the time appellee signed the security instrument, she did not have a present interest in the property. "Neither husband nor wife has any interest in the property of the other, except as mentioned in section 3103.03 of the Revised Code, the right to dower, and the right to remain in the mansion house after the death of either." R.C. 3103.04. Therefore, the only

interest appellee had in the property at the time she signed the security instrument was her dower interest.

■ "Dower is a means of providing the surviving spouse with a source of support when the other spouse dies, and Ohio is one of the few states which still retains the concept of dower, albeit in an extremely limited form. * * * [D]uring the lifetime of both spouses, dower is a contingent inchoate right that becomes vested in the surviving spouse only upon the death of the other spouse." *Short v. Conn* (Jan. 25, 1994), Jackson App. No. 96CA709, unreported, at 7–8, 1994 WL 21742, following *Goodman v. Gerstle* (1952), 158 Ohio St. 353, 358, 49 O.O. 235, 237, 109 N.E.2d 489, 492.

The security instrument also contains the following provision:

"Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument * * *."

■ According to the terms of the security instrument, appellee could convey only the interest that she had in the property at the time she signed the security instrument. Dower "interest arises when property is purchased during a marriage and continues unless the interest is specifically released. * * * Such a release must be done in writing and recorded." *State ex rel. Miller v. Private Dancer* (1992), 83 Ohio App.3d 27, 30, 613 N.E.2d 1066, 1068.

We find that appellee did not release her dower interest because there was no specific release in the security instrument or in the record. The word "dower" does not even appear in the security instrument.. Appellee therefore had no obligation to convey anything to the bank based upon her dower interest. Also, according to the security instrument, any person who signs the security instrument and not the note "is not personally obligated to pay the sums secured by this Security Instrument." Accordingly, appellee has no cause of action based upon *Pietro* because appellee had no obligation under the note to pay the debt owed by decedent to the bank.

■ Even though appellee does not have a claim based upon *Pietro*, it does not necessarily follow that appellee has shown no right to relief and that the motion to dismiss should have been granted. "[A] complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine a complaint to determine if the allegations provide for relief on any possible theory." *Rogers v. Targot Telemarketing Services* (1990), 70 Ohio App.3d 689, 692, 591 N.E.2d 1332, 1334, quoting *Thomas W. Garland, Inc. v. St. Louis* (C.A.8, 1979), 596 F.2d 784.

In order to determine if the trial court erred as a matter of law in overruling appellant's motion to dismiss, we must therefore consider if appellee has a right of relief under any possible legal theory.

Decedent had an obligation to pay the bank the amount owed on the note. Upon decedent's death, appellant, as executor of the estate, accepted the duty to pay decedent's debts. *Campbell v. Johnson* (1948), 83 Ohio App. 225, 231, 38 O.O. 301, 303–304, 79 N.E.2d 147, 151. Appellee's payment of the debt owed on the note relieved the bank of its claim against the estate. However, by paying the debt, appellee took the place of the bank and became a creditor against the estate. Appellee, as a creditor against the estate, had the legal right to present a claim against the estate. R.C. 2117.06. Accordingly, we find that the trial court did not err in overruling appellant's motion to dismiss because appellee demonstrated a valid cause of action against appellant as a matter of law. Appellee, as a creditor, presented her claim against the estate in writing as required by R.C. 2117.06 and, upon rejection of the claim, timely filed a complaint in the common pleas court. Appellant's first assignment of error is over ruled.

Assignment of Error No. 2:

"The trial court erred as a matter of law to the prejudice of [appellant] in granting a judgment to [appellee] in the amount of two–thirds of her prayer."

Appellant argues that the trial court erred by finding appellant liable for $17,950.42 because appellee didn't have a right of contribution against the estate. While this statement is true, we overrule appellant's second assignment of error for the same reasons outlined in our discussion of appellant's first assignment of error. The trial court found that appellee paid $26,925.64 to the bank, satisfying the note. There is no evidence in the record indicating that appellee paid this amount as a gift to appellant. Appellee simply took the place of the bank as a creditor against the estate. Therefore appellee, as a creditor against the estate, had a valid claim against the estate for $26,925.64.[1] Because appellant had a valid claim for the entire amount she paid, the trial court incorrectly granted appellee only two-thirds of the amount. However, this did not prejudice appellant, and appellee has not appealed the trial court's decision.

*Judgment affirmed.*

WILLIAM W. YOUNG, P.J., and WALSH, J., concur.

---

1. We distinguish the present case from *Gardner v. Cooke* (July 31, 1985), Warren App. No. CA84–12–087, unreported, 1985 WL 7692, because in that case, the survivorship deed specifically indicated that the premises were conveyed subject to any mortgage thereon. In the present case, appellee did not have an obligation to pay the bank according to the note or the security instrument. Further, the conveyance through the survivorship deed was not subject to the mortgage.