OPINION
{¶ 1} Defendant-appellant, Dick Bissel, dba Gina's Drive Thru, appeals from an East Liverpool Municipal Court judgment denying his motion to dismiss the complaint filed against him by plaintiff-appellee, Frank Manypenny, dba Manypenny Construction, and entering judgment against him in the amount of $1,995.20.
 {¶ 2} Appellee entered into an oral contract with appellant to perform certain remodeling work at Gina's Drive Thru. Pursuant to the agreement, appellee was to complete various jobs including bracing the ceiling beam, relocating coolers, cutting holes in the building to accommodate new doors, and installing an interior door. Appellee began working on the project on August 17, 2003. After completing this work, appellee submitted a bill to appellant for $3,314 (Exhibit A), which he paid.
 {¶ 3} A few weeks later, the parties entered into a second oral contract. Under this agreement, appellee was to perform work including removing a door, installing steel heaters, removing blocks, installing two garage doors, installing ceiling lights, and removing all waste material. Appellee began working on the second job on September 9, 2003. After completing this work, appellee submitted a bill to appellant for $3,939 (Exhibit B), which he paid.
 {¶ 4} According to appellee, the two bills he submitted to appellant included labor and incidental materials. They did not include major materials such as the garage doors. According to appellant, the two bills were for the entire jobs, including all materials and labor.
 {¶ 5} Appellee filed a complaint on April 22, 2004, asserting claims for breach of contract, fraud, misrepresentation, and unjust enrichment. According to appellee, appellant paid him a partial payment of $4,149.30, leaving a total balance due of $3,103.70. Additionally, appellee contended that in reliance on appellant's false promise and misrepresentation to pay, he purchased materials and commenced work on Gina's Drive Thru. Finally, appellee alleged that appellant unjustly benefited from the work and materials appellee provided.
 {¶ 6} The case proceeded to a bench trial. The parties stipulated that appellant paid the two bills appellee submitted to appellant marked Exhibits A and B. The bills totaled $7,253.
 {¶ 7} At trial, appellee's testimony focused on other bills for materials he contended that appellant agreed to but refused to pay. Appellee testified that the bills he initially submitted to appellant (Exhibits A and B), were for labor and incidental materials only. He testified that appellant also agreed to pay for the materials he charged to his account at Builders Wholesale that were used on Gina's Drive Thru, including two garage doors totaling $1,280. Appellee stated that in total, appellant owed him $1,995.20 for materials purchased from Builders Wholesale.
 {¶ 8} At the conclusion of appellee's case-in-chief, appellant moved to dismiss the case against him. He argued that because the parties stipulated that Exhibits A and B were paid in full and because appellee's complaint alleged only that a balance remained on these bills, the court should dismiss the complaint. The court overruled appellant's motion.
 {¶ 9} The court found in favor of appellee and ordered appellant to pay appellee $1,995.20, plus interest. It also found that appellee did not prove fraud or misrepresentation. Additionally, the court noted that the parties stipulated that the amounts reflected in Exhibits A and B were paid.
 {¶ 10} Appellant filed a timely notice of appeal on April 18, 2005.
 {¶ 11} Appellant raises one assignment of error, which states:
 {¶ 12} "THE TRIAL COURT WAS IN ERROR BY NOT GRANTING DEFENDANT'S MOTION TO DISMISS WHEN THE PLAINTIFF STIPULATED TO THE COUNTS WHICH ACTED AS THE BASIS OF PLAINTIFF'S COMPLAINT."
 {¶ 13} Appellant points out that appellee's complaint alleged that he had only made a partial payment on the bills submitted as Exhibits A and B and that he owed appellee the balance of those payments. Appellant argues that since appellee stipulated that he paid the bills reflected in Exhibits A and B in full, the court should have dismissed the complaint. Appellant further notes that the testimony appellee presented at trial did not correspond to the allegations in the complaint.
 {¶ 14} Civ.R. 41(B)(2) permits a court to dismiss a case tried to the bench and provides in relevant part:
 {¶ 15} "After the plaintiff, in an action tried by the court without a jury, has completed the presentation of the plaintiff's evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence."
 {¶ 16} When ruling on a Civ.R. 41(B)(2) motion to dismiss, the trial court is to weigh the evidence, resolve any conflicts, and render judgment for the defendant if the plaintiff has shown no right to relief. Bank One, Dayton, N.A. v. Doughman (1988),59 Ohio App.3d 60, 63, 571 N.E.2d 442. On appeal, this court will only reverse a trial court's ruling on a Civ.R. 41(B)(2) motion if it is erroneous as a matter of law or against the manifest weight of the evidence. Ogan v. Ogan (1997),122 Ohio App.3d 580, 583, 702 N.E.2d 472.
 {¶ 17} In order to determine whether the trial court properly overruled appellant's motion to dismiss, we must examine the evidence and appellee's complaint.
 {¶ 18} Appellee's complaint asserted four causes of action. The first cause of action was for breach of contract and alleged that appellant only paid $4,149.30 towards the total amount of $7,253 that he owed on the bills appellee submitted to him (Exhibits A and B). Thus, count one sought damages of $3,103.70 plus additional damages.
 {¶ 19} The second cause of action was for fraud. Appellee alleged that appellant represented to him that he would pay for the material purchased and the work completed. Appellee attached as Exhibit C, nine receipts from Builders Wholesale for materials. However, again appellee asserted that he sustained compensatory damages in the amount of $3,103.70 plus additional amounts to be proven at trial.
 {¶ 20} The third cause of action was for misrepresentation. Here appellee alleged that appellant represented that he would pay appellee for the purchase of materials and work performed. Again, appellee claimed that appellant only paid him $4,149.30. Appellee claimed that in reliance on appellant's representations, he provided materials and performed work on Gina's Drive Thru. Once again, appellee alleged that he was damaged in the amount of $3,103.70 plus costs to be proven at trial.
 {¶ 21} The fourth cause of action was for unjust enrichment. Here appellee alleged that appellant benefited from the material purchased and the work performed at Gina's Drive Thru and failed to remit payment. Appellee claimed that to permit appellant to benefit from the installation of materials and completed work without paying his financial obligations would unjustly enrich appellant. Appellant incorporated all preceding paragraphs into his fourth count, which included the receipts from Builders Wholesale.
 {¶ 22} The trial court specifically found that appellee's claims for fraud and misrepresentation were without merit. It did not specify whether it based its award to appellee on the breach of contract claim or the unjust enrichment claim.
 {¶ 23} The parties' stipulations disposed of appellee's breach of contract claim. In the breach of contract claim, appellee alleged that appellant failed to pay him the full amount owed under Exhibits A and B. The parties stipulated to and testified that appellee did indeed pay the $3,314 due under Exhibit A and the $3,939 due under Exhibit B. (Tr. 3-4, 38, 40, 76). Since the gravamen of appellee's breach of contract claim was that appellant only paid a portion of these bills, the stipulations disposed of the breach of contract claim.
 {¶ 24} But the unjust enrichment claim remained. Count four of the complaint alleged in part that appellee benefited from materials installed at Gina's Drive Thru without paying for them. Copies of the receipts were attached to the complaint and totalled $1,995.20. At trial, appellee submitted these same receipts and testified regarding them. He identified the items in each receipt and testified that these items were delivered to Gina's Drive Thru and were used in the improvements there. (Tr. 22-31). He further testified that he paid Builders Wholesale for these items, which included $1,280.48 for two garage doors. (Ex. G). Appellee testified that he informed appellant from the beginning that appellant would be responsible for reimbursing him for the costs of these materials, which he would put on his Builders Wholesale account. (Tr. 37, 40, 43-44, 49).
 {¶ 25} Based on this evidence, the trial court did not err in denying appellant's motion to dismiss the entire complaint. While appellee's claim for non-payment of Exhibits A and B was disposed of by the parties' stipulations, his claim for unjust enrichment was not. Appellee specifically alleged in his complaint that appellant was unjustly enriched by retaining the materials used on Gina's Drive Thru without paying for them. Additionally, he attached the receipts from Builders Wholesale to the complaint reflecting the amounts he alleged appellant owed for those materials. Thus, we cannot conclude that the trial court's decision denying appellant's motion to dismiss was erroneous as a matter of law or against the manifest weight of the evidence. Accordingly, appellant's sole assignment of error is without merit.
 {¶ 26} For the reasons stated above, the trial court's judgment is hereby affirmed.
Vukovich, J., concurs.
DeGenaro, J., concurs.