DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant-Appellant Elyria Memorial Hospital Regional Medical Center has appealed the decision of the Lorain County Court of Common Pleas, which granted Plaintiff-Appellees Michael, Michelle and Richard Kroboth's motion to compel discovery. This Court affirms.
 I {¶ 2} On September 6, 2001, Michael Kroboth and his parents Michelle and Richard Kroboth (collectively "Appellees") filed a lawsuit against Appellant Elyria Memorial Hospital Regional Medical Center and three named doctors asserting a claim of medical malpractice stemming from circumstances surrounding the birth of Michael. Michael was seriously and permanently injured in the course of his delivery on May 26, 1999.
 {¶ 3} On May 8, 2003, the Lorain County Court of Common Pleas granted Appellees' motion to compel discovery of a document it characterized as a "statistical summary of [childbirth] delivery by induction and/or augmentation for 1999/2000 prepared by [Appellant's] quality improvement department * * * [.]" {¶ 4} Appellant has timely appealed the trial court's decision, asserting two assignments of error. We have consolidated Appellant's assignments of error for ease of analysis.
 II Assignment of Error Number One
"The trial court abused its discretion when it orderd [Appellant] to produce confidential information and documents that are protected from discovery by the peer review privilege."
 Assignment of Error Number Two
"The trial court abused its discretion when it ordered [Appellant] to produce privileged documents and information without at least conducting an in camera review of the materials at issue."
 {¶ 5} In assignments of error one and two, Appellant has argued that the trial court abused its discretion when it ordered Appellant to provide Appellees with a copy of a summary document that Appellant characterized as confidential information prepared for Appellant's peer review committee. Specifically, Appellant has argued that the summary document was generated for Appellant's peer review committee and, therefore, was excluded from discovery by Appellees pursuant to Ohio's peer review statutes. Appellant has further argued that the trial court abused its discretion when it failed to conduct an in camera inspection of the summary document prior to making its decision. We disagree.
 {¶ 6} An appellant has the burden to supply the record that demonstrates the error presented on appeal. Reese v. Village of BostonHts. (Jan. 22, 1992), 9th Dist. No. 15156, at 10, dismissed (1992),64 Ohio St.3d 1438; see, also, App.R. 9(B). "This duty falls upon the appellant because the appellant has the burden on appeal to establish error in the trial court." State v. Sugalski, 9th Dist. No. 02CA0054-M, 2002-Ohio-6767, at ¶ 11, citing Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199; App.R. 9(B).
 {¶ 7} In the case sub judice, Appellant has argued that the trial court abused its discretion when it ordered Appellant to provide a copy of the summary document to Appellees in response to Appellees' discovery request. Appellees, however, have argued that Appellant has failed to meet its burden of production to support its appeal to this Court. Specifically, Appellees have argued that because Appellant failed to provide a transcript of the May 8, 2003, hearing conducted by the trial court where it ordered Appellant to provide Appellees with a copy of the summary document, Appellant's appeal of the trial court's decision must fail.
 {¶ 8} This Court has long held that a presumption of validity attends a trial court's action. RPM, Inc. v. Otatey, Co., 9th Dist. No 3282 3289, 2003-Ohio-367, at ¶ 14. According to the trial court record, a "hearing on [Appellees'] motion to compel" was held on May 8, 2003, at which time the trial court made its decision regarding the discoverability of the summary document. In its journal entry on that date, the trial court stated, in pertinent part:
"(3) As to the statistical information, [Appellant] shall provide a copy of statistical summary of delivery by induction and/or augmentation for 1999/2000 prepared by [Appellant's] quality improvement [department] to [Appellees' attorney] * * *."
 {¶ 9} In its reply brief to this Court, Appellant has stated that "[a]lthough a hearing was held [on May 8, 2003,] absolutely no part of the hearing was recorded in any fashion (i.e.[,] either stenographically or by way of video)." Thus this Court is left with the fact that a hearing occurred and no transcript was generated. Our careful review of the record also reveals that Appellant did not submit an App.R. 9(C) statement[1] in lieu of a transcript of the May 8, 2003, hearing.
 {¶ 10} Therefore, this Court has no basis upon which to review the trial court's determination regarding the discoverability of the summary document. Furthermore, this Court has no means of determining what facts, testimony, or evidence, if any, were relied upon by the trial court when making its decision. In the absence of an adequate record, this Court is unable to evaluate the merits of Appellant's assignments of error and must affirm the trial court's decision. Knapp,61 Ohio St.2d at 199; Meinhard Commercial Corp. v. Spoke Wheel, Inc. (1977),52 Ohio App.2d 198, 201-202.
 {¶ 11} Because Appellant's two assignments of error focus on facts and evidence presented at the May 8, 2003, hearing, and we have no transcript or App.R. 9(C) statement of the hearing, we must presume that the trial court's actions were proper. Therefore, we must conclude that the trial court did not abuse its discretion when it ordered Appellant to provide a copy of Appellant's summary document to Appellees in response to Appellees' discovery request. We must further conclude that the trial court did not abuse its discretion when it failed to conduct an in camera inspection of the summary document prior to making its decision. Consequently, Appellant's assignments of error lack merit.
 III {¶ 12} Appellant's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed
Baird, P.J. and Carr, J., concur.
[1] App.R. 9(C) states, in pertinent part: "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection."