DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Kathleen Beason has appealed from the decision of the Summit County Court of Common Pleas that denied her motion to vacate judgment pursuant to Civ.R. 60(B). This Court affirms.
 I {¶ 2} On May 9, 2002, Plaintiff-Appellee Preferred Capital, Inc. filed suit against co-defendants Rock N Horse, Inc. ("Rock N Horse") and Appellant. In its complaint, Appellee claimed that it had leased an ATM machine to Rock N Horse, and that Rock N Horse had failed to make numerous lease payments that were due and owing to Appellee. Appellee further claimed that Appellant, as the guarantor of the lease agreement, was liable to Appellee for the unpaid lease payments.
 {¶ 3} Appellant never answered Appellee's complaint against her. As a result, Appellee filed a motion for default against Appellant on October 1, 2002. Appellee attached a sworn affidavit from George Eckstein, portfolio manager for Appellee, stating that Appellee had incurred $14,596 in damages as a result of Rock N Horse's failure to make its lease payments for the ATM machine. The trial court entered a default judgment against Appellant on October 3, 2002, finding that Appellant had "failed to plead or otherwise defend in the within proceeding within the time period specified under [Civ.R. 12]."[1] The trial court entered judgment against Appellant in the amount of $14,596. Rock N Horse, on the other hand, filed an answer and counterclaim to Appellee's complaint on December 18, 2002.[2] Appellee answered Rock N Horse's counter-claim on December 27, 2002. On January 16, 2003, the trial court referred the case to non-binding arbitration. An arbitration hearing occurred on March 10, 2003, at which time an arbitration report and award in favor of Rock N Horse was entered into the trial court record.
 {¶ 4} Following the favorable arbitration award for Rock N Horse, Appellant filed a motion to vacate the default judgment against her to which Appellee responded on April 28, 2003. On May 14, 2003, prior to ruling on Appellant's motion to vacate the default judgment against her, the trial court adopted the arbitration report and award in favor of Rock N Horse. Later, on July 23, 2003, the trial court denied Appellant's motion for relief from judgment, stating that Appellant "offer[ed] no evidence under [Civ.R.] 60(B) why no answer was filed and accordingly this Court will not vacate the judgment against her."
 {¶ 5} Appellant has timely appealed the decision of the trial court, asserting one assignment of error.
 II Assignment of Error Number One
"The Trial Court abused its discretion in overruling [appellant's] [IV.R. 60(B)] Motion for relief from judgment."
 {¶ 6} In her sole assignment of error, Appellant has argued that the trial court abused its discretion when it denied her motion for relief from judgment. Specifically, she has agued that she was entitled to relief from judgment pursuant to Civ.R. 60(B) because she satisfied the three part test set forth in GTEAutomatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus. We disagree.
 {¶ 7} Civ.R. 60(B) governs motions for relief from judgment, and provides, in pertinent part:
"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under [Civ.R 59(B)]; (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken." (Alterations sic.)
 {¶ 8} A movant must demonstrate three factors in order to obtain relief from judgment pursuant to Civ.R. 60(B): (1) a meritorious defense or claim if relief is granted; (2) entitlement to relief under Civ.R. 60(B)(1)-(5); and (3) that the motion was filed within a reasonable time, with a maximum time being one year from the entry of judgment if the movant alleges entitlement to relief under Civ.R. 60(B)(1)-(3). GTE,47 Ohio St.2d 146, paragraph two of the syllabus. "These requirements are independent of one another and in the conjunctive." Strack v.Pelton (1994), 70 Ohio St.3d 172, 174. Thus, if the movant fails to satisfy any one of these requirements, the trial court must deny the motion. Id.
 {¶ 9} The standard of review used to evaluate the trial court's decision to deny or grant a Civ.R. 60(B) motion is an abuse of discretion. State ex rel. Russo v. Deters (1997),80 Ohio St.3d 152, 153. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. The court abuses its discretion if it grants relief in a case where the movant has not demonstrated all three factors in its motion.Mitchell v. Mill Creek Sparkle Market, Inc. (June 29, 1999), 7th Dist. No. 97 CA 230, 1999 Ohio App. LEXIS 3153, at *4, citingRusso, 80 Ohio St.3d at 154. If, however, the materials submitted by the parties clearly establish the movant is entitled to relief, then the motion should be granted. Adomeit v.Baltimore (1974), 39 Ohio App.2d 97, 104 ("If the material submitted by the parties in support of and in opposition to the motion clearly establishes that the movant filed a timely motion, has stated valid reasons why he is entitled to relief under one of the provisions of [Civ.R. 60(B)(1)-(5)], and has a defense, the trial court should grant the motion for relief from judgment and overruling the motion would be an abuse of discretion." (Alterations added; Emphasis omitted.)).
 {¶ 10} In Appellant's motion for relief from judgment to the trial court, which was filed after the arbitration report and award had been adopted by the trial court, she asked the court to vacate the default judgment against her on the ground that "[t]here can be no claim against [Appellant] on a personal guarantee for any amount if there is no claim against the principal [Rock N Horse]." Appellee has argued that the arbitration report and award in favor of Rock N Horse did not expunge Appellant's obligation to Appellee and that she was not entitled to relief from judgment because she failed to satisfy the GTE three part test.
 {¶ 11} This Court notes that in its journal entry denying Appellant's motion to vacate judgment, the trial court stated that "[t]his cause came on before this Court for evidentiary hearing on the 20th day of June, 2003." This Court further notes that in her appellate brief, Appellant stated that "[t]he court conducted a hearing on June 20, 2003[,] and on July 23, 2003[,] entered an order denying the Appellant[']s [m]otion. It is from this judgment entry that the within appeal arises." Our review of the record transmitted to this Court by Appellant reveals that she failed to submit either a transcript or an App.R. 9(C)[3] statement from the June 20, 2003, evidentiary hearing. A further review of the record reveals that the trial court's journal entry denying Appellant's motion to vacate the default judgment states that the trial court's findings and order were based "upon the evidence presented and the briefs[,]" making it clear to this Court that the trial court relied upon the evidence presented at the June 20, 2003 hearing when it denied Appellant's motion to vacate the default judgment against her.
 {¶ 12} It has been long held by this Court that an appellant has the burden to supply the record that demonstrates the error presented on appeal. Reese v. Village of Boston Hts. (Jan. 22, 1992), 9th Dist. No. 15156, at 10, dismissed (1992),64 Ohio St.3d 1438; see, also, App.R. 9(B) and 10(A). "This duty falls upon the appellant because the appellant has the burden on appeal to establish error in the trial court." State v. Sugalski, 9th Dist. No. 02CA0054-M, 2002-Ohio-6767, at ¶ 11, citing Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199; see App.R. 9(B).
 {¶ 13} Because Appellant has failed to transmit a transcript or App.R. 9(C) statement from the June 20, 2002 hearing to this Court, we have no record as to what transpired at the June 20, 2003 evidentiary hearing. Therefore, we are unable to determine what evidence was presented to the trial court, and subsequently relied upon by the trial court, when it denied Appellant's motion to vacate the default judgment against her. It follows that we are unable to evaluate the merits of Appellant's arguments or determine if the trial court abused its discretion when it denied Appellant's motion.
 {¶ 14} We must view a trial court's decisions with a presumption of validity. Kroboth v. N. Coast Obstetrics Gynecology, 9th Dist. No. 03CA008295, 2004-Ohio-197, at ¶ 8, citing RPM, Inc. v. Otatey, Co., 9th Dist. Nos. 3282 and 3289, 2003-Ohio-367, at ¶ 14. Therefore, we reject Appellant's argument that the trial court abused its discretion when it denied her motion to vacate the default judgment against her. Appellant's sole assignment of error lacks merit.
 III {¶ 15} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
Baird and Batchelder, JJ., concur.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
[1] Civ.R. 12(A)(1) states, in pertinent part: "The defendant shall serve his answer within twenty-eight days after service of the summons and complaint upon him[.]"
[2] Service was not perfected upon Rock N Horse until October 2002, thus delaying its answer to Apellee's complaint.
[3] App.R. 9(C) states, in pertinent part: "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection."