OPINION
{¶ 1} Defendant-appellant, Henry Lepore, appeals from a Mahoning County Common Pleas Court judgment denying his motion to vacate an agreed judgment entry between himself and plaintiff-appellee, Judith Szabo.
 {¶ 2} Appellant and appellee dated for some time and lived together as girlfriend and boyfriend. Their relationship dissolved and on November 18, 2002, appellee filed a complaint against appellant asserting that they were "life partners" and together they acquired real estate and personal property. She alleged that she was entitled to one half of the net equity in the real property based on an express and implied agreement between the parties. Appellee also requested a restraining order prohibiting appellant from disbursing or transferring the property. The trial court set the case for mediation. Appellant's counsel subsequently withdrew from the case. The trial court gave appellant 30 days to secure new counsel. He did not.
 {¶ 3} Appellant attended the mediation pro se. Appellee was represented by counsel. The parties reached an agreement and filed it with the court on August 11, 2004. It provided that real estate located at 22 Elva Avenue was to be sold and appellant was to receive $10,000 from the proceeds. The balance of the proceeds was to be used to pay on the mortgage of property located at 752 Canfield Road. Appellant was to quit claim one half of the interest in the Canfield Road property to appellee. Appellee would then be jointly liable with appellant for the mortgage balance on the Canfield Road property.
 {¶ 4} On December 7, 2004, appellee filed a motion to journalize the settlement agreement. She alleged that appellant refused to comply with the agreement. Appellee requested that the court issue an order memorializing the agreement in a form that she could record as evidence of ownership of the real property. She also asked the court to issue an order to appellant to comply with the agreement or be held in contempt.
 {¶ 5} On December 28, 2004, the trial court issued a judgment finding that the parties entered into a settlement agreement and that appellant had failed to comply with its terms. The court then journalized the agreement declaring appellee's interest in one half of the Canfield Road property. It also ordered appellant to sell the Elva Avenue property and to comply with the rest of the settlement terms.
 {¶ 6} On April 26, 2005, appellant, now represented by new counsel, filed a motion to vacate the judgment entry. For cause, he alleged that the judgment was obtained through a "fraudulent misrepresentation of the law by the Plaintiff on a Defendant who was not represented by counsel." He further asserted that he misunderstood the terms of the settlement agreement and, therefore, the court should vacate it based on mistake, inadvertence, or excusable neglect. The trial court overruled appellant's motion. Appellant filed a timely notice of appeal on August 10, 2005.
 {¶ 7} Appellant now raises a single assignment of error, which states:
 {¶ 8} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT OVERRULED DEFENDANT'S MOTION TO VACATE THE FINAL JUDGMENT ENTERED AGAINST HIM, BECAUSE DEFENDANT ESTABLISHED A MERITORIOUS DEFENSE, WAS ENTITLED TO RELIEF UNDER CIV. R. 60(B)(1)-(5) AND THE MOTION WAS MADE WITHIN A REASONABLE TIME."
 {¶ 9} Appellant argues that the trial court abused its discretion in overruling his motion to vacate. He claims that he asserted a meritorious defense to appellee's claims based on the fact that he assumed all of the mortgages on the two properties and made the mortgage payments. Furthermore, appellant points out that since common law marriage no longer exists in Ohio, appellee could not establish a right to the property absent a clear showing of her financial contribution to the properties. Additionally, he notes that he asserted several other defenses, including laches, the statute of frauds, and modification by acquiescence. Additionally, he contends that appellee's counsel, who is also her brother, led him to believe that appellee had rights to the property as appellant's "life partner," which amounted to misrepresentation under Civ.R. 60(B)(3).
 {¶ 10} The standard of review used to evaluate the trial court's decision to deny or grant a Civ.R. 60(B) motion is abuse of discretion. Preferred Capital, Inc. v. Rock N Horse, Inc.,
9th Dist. No. 21703, 2004-Ohio-2122, at ¶ 9. Abuse of discretion connotes more than an error in judgment; it implies that the trial court's judgment is arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 11} The Ohio Supreme Court set out the controlling test for Civ.R. 60(B) motions in GTE Automatic Elec., Inc. v. ArcIndustries, Inc. (1976), 47 Ohio St.2d 146, 351 N.E.2d 113. The court stated:
 {¶ 12} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." Id. at paragraph two of the syllabus.
 {¶ 13} The grounds for relief under the second GTE element are:
 {¶ 14} "(1) [M]istake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment." Civ.R. 60(B).
 {¶ 15} Appellant claims he was entitled to relief under Civ.R. 60(B)(1)(3) and (5) based on his absence of counsel, his misinterpretation of the settlement agreement, and misrepresentation by appellee's counsel. Appellant relies heavily on three cases for the proposition that the absence of counsel on his behalf and his misinterpretation of the agreement amount to excusable neglect under Civ.R. 60(B)(1) and/or a justifiable reason for relief under Civ.R. 60(B)(5).
 {¶ 16} First, in Colley v. Bazell (1980),64 Ohio St.2d 243, 416 N.E.2d 605, the plaintiffs filed a motion for default judgment after the defendant failed to respond to their complaint. The trial court granted the motion. The defendant filed a Civ.R. 60(B) motion for relief. In support of his motion, the defendant demonstrated that he sent a letter by certified mail to his insurance agent requesting that the complaint be handled by his professional liability carrier. In the letter, he outlined his defense and noted that he had 28 days to respond. By affidavit, the defendant also demonstrated that his insurance agent forwarded the information to the broker for the defendant's insurance provider and that the broker forwarded the information to the defendant's insurance provider. For unexplained reasons, the papers did not arrive at the provider's office until several days after the time for filing an answer expired. Once the provider received the papers, coverage was verified and counsel was retained to defend the lawsuit. The trial court overruled the motion for relief from judgment.
 {¶ 17} The Ohio Supreme Court focused on whether the defendant demonstrated a valid ground for relief from judgment under Civ.R. 60(B)(1). The Court found that the defendant acted promptly and responsibly upon being served with the summons. Id. at 248. It disagreed with the trial court's conclusion that the defendant, as an attorney, acted irresponsibly when he did not independently audit his provider's conduct to make certain that an answer was filed. Id. The Court held:
 {¶ 18} "Where a defendant, upon being served with summons in a cause of action based on a claim for which he has liability insurance, relies upon his carrier to defend the lawsuit, his failure to file an answer or to determine independently that his carrier has failed to file timely an answer which leads to the taking of a default judgment, may constitute `excusable neglect,' depending on the facts and circumstances of the case, so as to justify relief from the default judgment pursuant to Civ.R. 60(B)." Id. at paragraph two of the syllabus.
 {¶ 19} Second, in Moore v. Emmanuel Family Training Center,Inc. (1985), 18 Ohio St.3d 64, 479 N.E.2d 879, the Ohio Supreme Court addressed two cases where the trial courts dismissed complaints and the plaintiffs filed motions for relief from judgment, which the trial courts denied. In the first case, the plaintiff's attorney was not given individual notice of a properly journalized discovery order. Consequently, the plaintiff did not comply with the order. The defendant moved to dismiss the case on that basis and the trial court granted the dismissal. In the second case, the plaintiff failed to appear at a scheduled pretrial conference. The court's scheduler had instructed counsel to file a motion for continuance, which was agreed to by opposing counsel, and told counsel he would receive notice of the new date. The trial court was unaware of the motion and did not grant it. At the still scheduled pretrial, the court, without notice, sua sponte dismissed the suit based on the plaintiff's nonappearance. In both cases, the plaintiffs filed Civ.R. 60(B) motions asserting excusable neglect.
 {¶ 20} The Ohio Supreme Court reversed the trial courts' judgments. In the first case, it found that lack of individual notice of a properly journalized discovery order was sufficient grounds on which to afford Civ.R. 60(B) relief for excusable neglect and noted its disfavor with granting default judgments for negligent failure to comply with discovery orders. Id. at 67, 69. In the second case, it found that by not providing advance notice of the dismissal, the trial court failed to comply with the Civil Rules. Id. at 70. The Court further found that counsel's reliance on the court scheduler's statements, combined with the other circumstances, constituted grounds for Civ.R. 60(B) relief premised on excusable neglect. Id.
 {¶ 21} Finally, in Svoboda v. City of Brunswick (1983),6 Ohio St.3d 348, 453 N.E.2d 648, the plaintiff's counsel withdrew shortly after filing the complaint. Upon the plaintiff's request, the trial court granted him 30 days to obtain new counsel. After the expiration of that time, the judge telephoned the plaintiff, urged him to obtain counsel, and advised him that if he did not the case would be dismissed. Several months later, the judge informed the plaintiff by letter that the case would be dismissed if he did not contact the court within ten days. The plaintiff, still without counsel and residing in Florida, did not respond and the court dismissed the complaint. Some five months later, the plaintiff, with newly retained counsel, filed a Civ.R. 60(B) motion to vacate the dismissal, alleging that his difficulty in obtaining substitute counsel constituted excusable neglect. The trial court overruled the motion.
 {¶ 22} The Ohio Supreme Court reversed. It held that the trial court had no authority to dismiss the case. It noted that no Civil Rule, statute, or legal precedent empowered a trial court, five months after an action was filed and preceding even the setting of a date for pretrial conference, to dismiss an action for want of prosecution for failure of the plaintiff to obtain legal counsel within ten days after the court's request. Id. at 349. The Court further found that the trial court abused its discretion in dismissing an action for want of prosecution where notice was not given to the plaintiff, or to counsel, prior to dismissal. Id. at 350. Thus, the Court concluded that the dismissal of the action was unlawful because it was predicated upon noncompliance with a void court order. Id. at 350-51.
 {¶ 23} None of these cases stand for the proposition that appellant asserts and each is distinguishable from the present case. In Colley, the defendant turned the defense of his case over to his insurance provider. The Court found that the defendant's failure to file a timely answer in that case constituted excusable neglect. In Moore, the plaintiffs' cases were dismissed for their failure either to respond to a never-received discovery request or failure to attend a believed-to-be-continued pretrial conference. There the Court found that lack of individual notice of a properly journalized discovery order was sufficient grounds on which to afford Civ.R. 60(B) relief for excusable neglect as was counsel's reliance on the court scheduler's statements, combined with the other circumstances. And in Svoboda, the Court found that the trial court was without authority to dismiss the case because the dismissal was predicated upon noncompliance with a void court order.
 {¶ 24} While appellant asserts that he misunderstood the settlement agreement, he fails to assert what he believed the terms of the agreement to be. Furthermore, although appellee was represented by counsel and appellant was not, the parties entered into the agreement through mediation. Therefore, presumably appellant and appellee both expressed their positions and needs at mediation and worked together to reach a settlement agreement that was mutually agreeable. We cannot afford appellant an "out," so to speak, of a mutually-agreed upon settlement simply because he chose to proceed with mediation pro se. Pro se civil litigants are presumed to have knowledge of the law and legal procedures and we are to hold them to the same standards as litigants who retain counsel. Wesbanco Bank Barnesville v. Balcar (Dec. 21, 2001), 7th Dist. No. 00-BA-36; Sabouri v. Ohio Dept. of Job Family Serv. (2001), 145 Ohio App.3d 651, 654, 763 N.E.2d 1238. Furthermore, a party's neglect in seeking legal assistance is not excusable. Casalinova v. Solaro (Sept. 27, 1989), 9th Dist. No. 14052. It seems that appellant merely had a change of heart after entering into the settlement agreement and filing it with the court. "Neither a change of heart nor poor legal advice is a ground to set aside a settlement agreement." Walther v. Walther
(1995), 102 Ohio App.3d 378, 383, 657 N.E.2d 332. Thus, appellant failed to demonstrate that he is entitled to relief under either Civ.R. 60(B)(1) or (5).
 {¶ 25} We must also consider whether appellant is entitled to relief under Civ.R. 60(B)(3) for misrepresentation by appellee's counsel. In his motion, appellant contended that appellee's counsel led him to believe that appellee had rights to the property as appellant's "life partner." However, appellant failed to present any operative facts to support this allegation. A party seeking Civ.R. 60(B) relief must establish one of the grounds for relief "by operative facts presented in a form that meets evidentiary standards such as affidavits, depositions, transcripts of evidence, written stipulations or other evidence given under oath." Countrywide Home Loans v. Barclay, 10th Dist. No. 04AP-171, 2004-Ohio-6359, at ¶ 9. In his motion, appellant simply made an allegation that appellee's counsel misrepresented to him that appellee had rights to the real property at issue because she was his life partner. He did not offer an affidavit or other evidence to support this allegation nor did he offer an affidavit or other evidence to suggest that he relied on this information in entering into the settlement agreement.
 {¶ 26} Appellant did not meet the second GTE requirement. He did not demonstrate that he was entitled to relief under one of the grounds set out in Civ. R. 60(B)(1) through (5). Hence, the trial court did not abuse its discretion in denying appellant's Civ.R. 60(B) motion. Accordingly, appellant's assignment of error is without merit.
 {¶ 27} For the reasons stated above, the trial court's judgment is hereby affirmed.
Vukovich, J., concurs.
DeGenaro, J., concurs.