OPINION
{¶ 1} Plaintiff-appellant, Anthony Kostoglou, appeals from a Mahoning County Common Pleas Court judgment granting a Civ.R. 60(B) motion in favor of defendant-appellee, Scott Bonamase.
 {¶ 2} On February 23, 2000, appellant filed a complaint against appellee, DA Trucking and Excavating Company (DA), David Bonamase, Edward Bonamase, Lucy Bonamase, and numerous other defendants. Appellant alleged that appellee, David, Edward, and Lucy exercised complete control over DA and that DA had no separate existence. Appellant further stated that he was the owner of 1920 Market Street in Youngstown and that on June 1, 1992, DA entered into a lease agreement to rent that property for $250 per month. Appellant alleged that DA (and appellee, David, and Edward) failed to make any payments on the lease from June 1, 1992 through January 31, 2000, when DA vacated the rental property. He alleged that they owed $23,000 on the lease, plus interest. Appellant further alleged that appellee damaged or converted certain fixtures located on the rental property, and along with other defendants, damaged the property. Appellee filed his answer on October 13, 2000, with leave of court.
 {¶ 3} On July 2, 2004, appellant filed a motion for summary judgment against appellee, David, and DA. He alleged that there were no genuine issues of material fact. Appellant further alleged that since the time their attorney withdrew from the case, appellee, David, and DA had refused to appear at any scheduled depositions and failed to attend any scheduled pre-trial or settlement conferences. Therefore, appellant served appellee, David, and DA with requests for admission, to which they did not respond. Accordingly, appellant relied on these admissions as conclusively established facts in his summary judgment motion.
 {¶ 4} On October 13, 2004, the trial court granted appellant's summary judgment motion. The court noted that the defendants failed to file a responsive brief to appellant's motion. It granted judgment to appellant and set the matter for a damages hearing.
 {¶ 5} The court held a damages hearing and on February 10, 2005, entered *Page 2 
judgment against appellee, David, and DA, jointly and severably, in the amount of $68,000, and attorney's fees of $15,800, plus interest.
 {¶ 6} On June 15, 2005, DA filed a notice of bankruptcy with the trial court.
 {¶ 7} On October 19, 2005, appellee and Scott filed a motion to vacate/void judgment. It alleged that the trial court lacked personal jurisdiction over them because they were never served with the motion for summary judgment, the court's judgment granting summary judgment, notice of the damages hearing, or the award of damages. At the time, both appellee and David were represented by the same counsel. However, before the court ruled on the motion, counsel withdrew from representing David and continued only as appellee's counsel.
 {¶ 8} The court held a hearing on appellee's motion. It noted that appellant failed to appear. The court found appellee's arguments to be well taken and granted appellee's motion to vacate the judgment against him.
 {¶ 9} Appellant filed a timely notice of appeal on May 17, 2006.
 {¶ 10} Appellant raises four assignments of error. Each of his first three assignments of error addresses one of the Civ.R. 60(B) elements set out in GTE Automatic Elec, Inc. v. Arc Industries, Inc. (1976), 47 Ohio St.2d 146, 351 N.E.2d 113. In GTE, the Ohio Supreme Court set out the controlling test for Civ.R. 60(B) motions. The Court stated:
 {¶ 11} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." Id. at paragraph two of the syllabus.
 {¶ 12} The standard of review used to evaluate the trial court's decision to deny or grant a Civ.R. 60(B) motion is abuse of discretion.Preferred Capital, Inc. v. Rock N Horse, Inc., 9th Dist. No. 21703,2004-Ohio-2122, at ¶ 9. Abuse of discretion *Page 3 
connotes more than an error in judgment; it implies that the trial court's judgment is arbitrary, unreasonable, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 13} Appellant's assignments of error will be addressed out of order so that they coincide with the GTE elements. His third assignment of error states:
 {¶ 14} "THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR IN GRANTING THE MOTION TO VACATE AS THE MOTION PROVIDED NO EVIDENCE OR ARGUMENT OF A MERITORIOUS DEFENSE."
 {¶ 15} Appellant argues that appellee failed to assert a meritorious defense in his motion.
 {¶ 16} Appellee argues, in part, that because he asserted that appellant never served him with the summary judgment motion, he need not raise a meritorious defense because the trial court lacked jurisdiction over him.
 {¶ 17} Initially, we will address appellee's argument that the trial court did not have personal jurisdiction over him because appellant never served him with the summary judgment motion. While it is true that a party who asserts that the court lacked personal jurisdiction over the party because service of process was not proper need not establish the requirements of Civ.R. 60(B), United Home Fed. v. Rhonehouse (1991),76 Ohio App.3d 115, 123, 601 N.E.2d 138, this rule applies to service of the initial complaint, not a motion for summary judgment. A court obtains personal jurisdiction over a defendant by (1) service of process; (2) the voluntary appearance and submission of the defendant or his legal representative; or (3) by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court. Maryhew v. Yova (1984), 11 Ohio St.3d 154,156, 464 N.E.2d 538.
 {¶ 18} Appellee makes no argument that appellant failed to serve him with the complaint nor does he contest his participation in the lawsuit. In fact, appellee filed an answer on October 13, 2000, thus demonstrating his receipt of the complaint. *Page 4 
And appellee filed a motion for a continuance of a pre-trial hearing on May 22, 2002, demonstrating his participation in the lawsuit. Therefore, the court had personal jurisdiction over him. Accordingly, appellee had to meet the GTE elements in order for the court to grant his motion for relief from judgment.
 {¶ 19} As to the first GTE requirement, a party requesting Civ.R. 60(B) relief from judgment is only required to allege a meritorious defense, not to prove that he will prevail on that claim or defense.State Farm Ins. Co. v. Valentino, 7th Dist. No. 02-CA-119, 2003-Ohio-3487, at ¶ 18. But the movant must allege operative facts with enough specificity to allow the trial court to decide whether he or she has met that test. Syphard v. Vrable (2001), 141 Ohio App.3d 460, 463,751 N.E.2d 564.
 {¶ 20} In his initial Civ.R. 60(B) motion, it does not appear that appellee asserted a meritorious defense. However, in his response to appellant's brief in opposition to vacate judgment, appellee alleged that he is not the owner of DA, that appellant failed to establish that he acted in any capacity other than that of an employee, and that there was no privity of contract between him and appellant. For support, appellee attached DA's bankruptcy documents which identify David as the president and secretary of and authorized individual for DA. These documents also include DA's articles of incorporation, which identify Lucy as the statutory agent for DA. They do not contain any reference to appellee.
 {¶ 21} We cannot conclude that it was an abuse of discretion for the trial court to consider appellee's defense even though he asserted it in a supplemental filing. Both appellant and appellee submitted several supplemental filings for the court to consider regarding their motion and opposition to the motion. It was within the court's discretion to consider appellee's defense as asserted in his supplemental filing. And if in fact appellee was only an employee of DA and had no ownership in DA, then he would have a meritorious defense to assert to the breach of contract claim for failure to make the lease payments.
 {¶ 22} Appellant also alleged in his complaint, and again in his motion for summary judgment, that appellee damaged or converted certain fixtures located on *Page 5 
the rental property, and along with other defendants, damaged the property and converted truckloads of topsoil.
 {¶ 23} In a second responsive brief, appellee argued that he was never served with appellant's request for admissions. In the request for admissions, appellant asked appellee to admit that he stole certain property and topsoil from appellant. Appellee stated in his responsive brief that he never admitted to these allegations. Appellee likely never received the request for admissions; it was sent to the same post office box as the summary judgment motion which, as discussed below, did not reach appellee. It was within the trial court's discretion to construe appellee's argument stating that he never received the request for admissions and never admitted to converting appellant's property as asserting the defense that he did not steal the topsoil or other items from appellant.
 {¶ 24} Therefore, appellee met the first GTE requirement. Accordingly, appellant's third assignment of error is without merit.
 {¶ 25} Appellant's second assignment of error states:
 {¶ 26} "THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR IN GRANTING THE MOTION TO VACATE AS THERE IS NO SHOWING THAT RELIEF IS WARRANTED UNDER ONE OF THE GROUNDS ENUMERATED IN OHIO CIV.R. 60(B)(1) THROUGH (5)."
 {¶ 27} Appellant argues that appellee failed to present a specific argument or supporting evidence as to any of the grounds for relief listed in Civ.R. 60(B)(1) through (5). He states that he can only assume that the motion argues that appellee was not served with the motion for summary judgment. Appellant argues that any such argument must fail because the Mahoning County Local Rules of Court state that once the clerk of courts has served notice of the entry and entered the appropriate notation on the docket, the notice shall be deemed to have been served. Citing, Local Rule One (D). He further points out that the Rule goes on to provide that the failure of any party to receive the notice shall not affect the validity of the judgment. Citing, Local Rule One (D). Thus, appellant contends that any argument *Page 6 
that appellee did not receive the notices must fail.
 {¶ 28} Appellant further argues that appellee has not cooperated throughout this lawsuit. He points out that appellee was well aware of the lawsuit and cannot claim that the motion for summary judgment or subsequent judgment was a surprise.
 {¶ 29} The grounds for relief under the second GTE element are:
 {¶ 30} "(1) [M]istake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment." Civ.R. 60(B).
 {¶ 31} Appellee alleged that he was entitled to relief under Civ.R. 60(B)(1)(2) and (5). However, his motion only addressed Civ.R. 60(B)(5). A motion for relief from judgment based on the failure of service has been held to be a valid reason for relief under Civ.R. 60(B)(5).Rogers v. United Presidential Life Ins. Co. (1987), 36 Ohio App.3d 126,128 521 N.E.2d 845.
 {¶ 32} Appellee alleged that he never received the motion for summary judgment, judgment against him, or award of damages against him. He cites to the court's docket for support. An examination of the docket reveals the following. The original complaint lists appellee's address as 1143 Red Tail Hawk, #5, Boardman, Ohio "44152." However, the summons contains appellee's correct zip code, "44512." The docket reflects failure of service of process to numerous defendants, but not to appellee. And appellee filed an answer to the complaint. Thus, he received it presumably because the summons contained his correct address and zip code.
 {¶ 33} On February 9, 2004, the court attempted to send by regular mail a copy of a judgment entry in the case to appellee. It was returned on February 17 and the docket notes, "FAILURE OF SERVICE ON SCOTT BONAMASE (NOT *Page 7 
DELIVERABLE AS ADDRESSED) [REG MAIL]."
 {¶ 34} On July 14, 2004, appellant filed the motion for leave to file his summary judgment motion instanter. He sent copies of this motion by regular mail to appellee, David, and DA at P.O. Box 401, Canfield, Ohio 44406. This address was not provided by appellee as a place where he received his mail. The court then sent copies of a subsequent judgment entry granting appellant's request for a continuance to appellee. The court's docket once again reflects "FAILURE OF SERVICE ON SCOTT BONAMASE (NOT DELIVERABLE AS ADDRESSED) [REG MAIL]."
 {¶ 35} On October 13, 2004, the court awarded summary judgment to appellant. It then sent notice to various defendants, including appellee. However, this time the docket does not reflect a failure of service on appellee.
 {¶ 36} On February 10, 2005, the court awarded damages to appellant. It noted on the docket that it sent copies of this judgment entry to appellee and the other defendants. It lists the address that it sent appellee's copy to as 1143 Red Tail Hawk #5, Youngstown, Ohio "44152." The docket then, once again, reflects, "FAILURE OF SERVICE ON SCOTT BONAMASE (NOT DEL. AS ADDRESSED) [REG MAIL]."
 {¶ 37} Based on these docket entries, it is probable that appellee never received appellant's motion for summary judgment and the subsequent judgment entries from the court. Numerous judgment entries that the court sent to appellee were returned for listing the wrong address. Thus, it was reasonable for the trial court to conclude that appellee never received notice of the summary judgment proceedings and judgment entries. Therefore, appellee met the second GTE element.
 {¶ 38} Thus, appellant's second assignment of error is without merit.
 {¶ 39} Appellant's first assignment of error states:
 {¶ 40} "THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR IN GRANTING THE MOTION TO VACATE AS THE *Page 8 
MOTION WAS NOT MADE WITHIN A REASONABLE TIME AND WAS BROUGHT MORE THAN ONE YEAR AFTER THE JUDGMENT, ORDER OR PROCEEDING WAS ENTERED OR TAKEN AS REQUIRED BY OHIO CIV.R. 60(B)."
 {¶ 41} Appellant contends that appellee did not file his Civ.R. 60(B) motion within a reasonable time. He points out that appellee did not file his motion until over a year after the court granted summary judgment and approximately eight months after the court awarded damages. Appellant also points out that appellee provided no justification in his motion to vacate for its late filing. Furthermore, appellant asserts that appellee knew of the judgment against him at least as early as June 13, 2005. On this date, DA filed a bankruptcy petition signed by David to which appellant's claim was referenced and attached. Appellant further claims that appellee should have known of the claim even earlier — in late March/early April 2005. At this time, appellant alleged, David was selling his house and the title company contacted appellant's attorney requesting a payoff for the lien against the property. Appellant seems to contend that since appellee and David originally filed their Civ.R. 60(B) motion together, appellee had all of the same knowledge as David.
 {¶ 42} The trial court entered summary judgment for appellant on October 13, 2004. Appellant argues, in part, that appellee's 60(B) motion was untimely because appellee filed it more than one year after the court granted summary judgment. However, the summary judgment order was not a final order in this case.
 {¶ 43} In its judgment entry granting appellant summary judgment, the court also set the matter for a damages hearing. Courts have held that where an order granting default judgment continues the issue of damages, the order is interlocutory and not subject to Civ.R. 60(B) relief. SeeMatsa v. Michael Powers Investigations, Inc., 10th Dist. No. 05AP-453,2005-Ohio-5170, at ¶ 20; Munn v. Rudy Stapleton Son, 6th Dist. No. F-02-030, 2003-Ohio-5606, at ¶ 14; Schelich v. Theatre Effects,Inc. (1996), 111 Ohio App.3d 271, 675 N.E.2d 1349. Such would be the same where, as here, the trial court granted summary judgment, but continued the matter for a hearing on damages. Until the court awarded damages, its order was not final. *Page 9 
Thus, we will examine whether appellee's motion was filed within a reasonable time by looking to the date on which the court entered its award of damages, not the date it entered summary judgment.
 {¶ 44} The trial court entered the award of damages on February 10, 2005. Appellee filed his motion to vacate on October 19, 2005, just over eight months after the court entered final judgment.
 {¶ 45} A motion for relief from judgment should be made within a reasonable time, and if the reason for relief is one of those listed in Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment was entered. Civ.R. 60(B). Since appellee was entitled to relief based on Civ.R. 60(B)(5), he was required to file his motion within a reasonable time, and not necessarily within one year of judgment.
 {¶ 46} Appellate courts have upheld trial court decisions finding that the filing of Civ.R. 60(B) motions eight months or longer after the court entered final judgment were reasonable. See Cefaratti v.Cefaratti, 11th Dist. No. 2004-L-091, 2005-Ohio-6895 (eight-month delay reasonable); McSweeney v. McSweeney (1996), 112 Ohio App.3d 355,678 N.E.2d 969 (11-month delay not reasonable). Thus, the fact that appellee waited eight months after the court filed the judgment entry of damages does not necessarily mean that appellee's delay was unreasonable.
 {¶ 47} As noted above, although the court entered judgment awarding damages on February 10, 2005, the copy of the judgment entry that it sent to appellee was returned to the court as "undeliverable as addressed." Thus, it appears appellee did not have notice of the judgment against him when it was originally entered. Instead, appellee states that he did not become aware of the judgment against him until October 2005, when he was notified of a judgment lien on his property. He then filed his motion for relief from judgment on October 19.
 {¶ 48} The trial court did not abuse its discretion in finding that appellee's eight-month delay in filing his Civ.R. 60(B) motion was reasonable. The court must have believed that appellee did not have notice of the judgment against him until October 2005 when he discovered the lien on his house. And if this was in fact the *Page 10 
case, appellee acted immediately upon learning of the judgment.
 {¶ 49} Accordingly, appellee met the third GTE requirement. Thus, appellant's first assignment of error is without merit.
 {¶ 50} Appellant's fourth assignment of error states:
 {¶ 51} "THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR IN SCHEDULING A HEARING ON THE MOTION TO VACATE AND IN FAILING TO PROVIDE APPELLANT PROPER NOTICE OF THE HEARING."
 {¶ 52} Here appellant contends that the trial court should not have ruled on appellee's motion to vacate because the court did not notify him of the hearing until after it was over. Counsel contends that the court called his office on the day of the hearing after the scheduled time of the hearing to inquire on his plans for attending. Counsel states that he is located in Broadview Heights, Ohio and this is one of the few cases he has had in Mahoning County. He states that he regularly checked the online docket for hearing notices. However, he checked under the "Docket" tab, as this is where other courts place their hearing notices, and not under the "Events" tab, where Mahoning County lists its notices. Thus, counsel missed the hearing notice and, consequently, the hearing.
 {¶ 53} Appellant filed a brief in opposition to appellee's motion and a supplemental brief in opposition to appellee's motion for the court's consideration. Thus, the court was well aware of appellant's arguments. Furthermore, the court's judgment entry granting appellee's motion for relief from judgment states that it "heard the arguments of Defendant's counsel and finds the same to be well taken." It does not state that it heard testimony from appellee or received other evidence. Thus, the court heard only arguments from appellee's counsel, not evidence. Since the court had both appellant's and appellee's arguments in front of it when making its decision, it likely would not have affected the outcome if appellant's counsel was present at the hearing. Furthermore, although we are sympathetic to appellant's counsel's lack of notice, counsel does admit that the court listed the hearing on its *Page 11 
online docket and he simply looked in the wrong place to find the information. It was not the court's responsibility to call counsel and inform him of the hearing date once it listed the date on the online docket. Thus, we cannot conclude that the court erred in proceeding with the hearing without appellant's counsel.
 {¶ 54} Therefore, appellant's fourth assignment of error is without merit.
 {¶ 55} For the reasons stated above, the trial court's judgment is hereby affirmed.
Vukovich, J., concurs.
 DeGenaro, P.J., concurs. *Page 1