OPINION
{¶ 1} Appellant, April N. Reichard, appeals from the judgment of the Portage County Court of Common Pleas, denying her motion for relief from judgment, pursuant *Page 2 
to Civ. R. 60(B), in an action to foreclose upon a mortgage. For the foregoing reasons, we affirm the judgment of the trial court.
 {¶ 2} Reichard and Brian J. Kaehne owned a property located at 5678 South Prospect Street in Ravenna, Ohio by undivided one-half interests. On June 9, 2003, they executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for EquiFirst Corporation, in the amount of $90,700. Under "Definitions," the mortgage described the "Borrower" as "Brian J. Kaehne, unmarried." However, on the signature page, both Reichard and Kaehne signed as "Borrowers," and Reichard initialed each page of the instrument. The mortgage secured a promissory note executed by Kaehne. There seems to be no dispute between the parties that the note represented Kaehne's personal debt and that Reichard was not obligated directly thereunder.
 {¶ 3} Kaehne defaulted in his payments on the note. On September 15, 2005, MERS filed its complaint in foreclosure against Reichard and Kaehne, and their unknown spouses, if any. Service by certified mail was completed on Reichard on September 30, 2005. Reichard did not answer. On December 9, 2005, MERS filed a motion for default judgment. The trial court filed its judgment entry granting the motion on January 4, 2006.
 {¶ 4} A sheriff's sale was set for March 27, 2006. On March 15, 2006, Reichard filed a verified motion to set aside the judgment, pursuant to Civ. R. 60(B), and applied for an order restraining the sheriff's sale. On March 17, 2006, the trial court stayed the sheriff's sale. A hearing was set before the magistrate for May 4, 2006 on Reichard's Civ. R. 60(B) motion. Evidently, neither Reichard nor her attorney received notice of this *Page 3 
hearing, which they failed to attend. On May 8, 2006, the magistrate filed her decision, denying Reichard's motion for failure to set forth a meritorious defense. On June 2, 2006, the trial court adopted the magistrate's decision. MERS moved for another order of sale.
 {¶ 5} On June 8, 2006, Reichard's attorney filed a verified motion for leave to file objections to the magistrate's decision, or alternatively, for relief from judgment pursuant to Civ. R. 60(B), premised on lack of notice regarding the May 4, 2006 hearing. On June 19, 2006, the trial court filed an entry denying the motion. The sheriff's sale was set for August 7, 2006. On August 4, 2006, Reichard moved to stay the sheriff's sale. On August 7, 2006, the trial court filed its order withdrawing the sale.
 {¶ 6} Negotiations ensued between MERS and Kaehne; however, these negotiations failed. On November 14, 2006, a status hearing was held before the magistrate. On January 26, 2007, the magistrate filed her decision, noting that neither Reichard nor Kaehne had raised a potential defense to foreclosure not previously considered, and ordered them to file a proper Civ. R. 60(B) motion. Reichard filed another verified motion for relief from judgment on February 8, 2007, asserting that, since she had neither signed the note underlying the mortgage, nor signed the mortgage itself as "Grantor," the decree in foreclosure granted by the trial court on January 4, 2006 should be withdrawn. Reichard further demanded an oral hearing and that MERS file to partition the property subject of the mortgage. MERS filed its brief in opposition on March 14, 2007. *Page 4 
 {¶ 7} The trial court filed an April 4, 2007 judgment entry, denying Reichard's Civ. R. 60(B) motion. The trial court held that Reichard failed to set forth a meritorious defense justifying relief. Reichard filed a timely notice of appeal, assigning two errors:
 {¶ 8} "[1.] The trial court erred as a matter of law in failing to ascertain the relative interests and obligations of the individual defendants in the subject property prior to entering the decree of foreclosure.
 {¶ 9} "[2.] The trial court erred as a matter of law in not allowing the defendant-appellant to present her defense that the mortgage as security was not given by her as grantor[,] and the mortgage in connection with her signing did not follow the statutory procedure as set forth in Ohio Revise[d] Code 5302.12[,] and the trial court committed prejudicial and reversible error in not granting appellant a hearing as to this defense."
 {¶ 10} We review a trial court's decision whether to grant or deny a Civ. R. 60(B) motion for relief from judgment for abuse of discretion. (Citation omitted.) Ludlow v. Ludlow, 11th Dist. No. 2006-G-2686,2006-Ohio-6864, at ¶ 24. An abuse of discretion is no mere error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Rather, the phrase connotes an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. Id. Therefore, "abuse of discretion" describes a judgment neither comporting with the record, nor reason. See, e.g., State v. Ferranto (1925),112 Ohio St. 667, 676-678.
 {¶ 11} Civ. R. 60(B) provides, in pertinent part:
 {¶ 12} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered *Page 5 
evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *"
 {¶ 13} "Civ. R. 60(B) is an equitable remedy that is intended to afford relief in the interest of justice. To prevail on a motion pursuant to Civ. R. 60(B), the movant must demonstrate: `* * * (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *.' GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146 * * *, at paragraph two of the syllabus. These requirements are conjunctive; not disjunctive. Id. at 151."Ludlow, 2006-Ohio-6864, at ¶ 23. (Parallel citation omitted.)
 {¶ 14} Further, "[a] movant is entitled to a hearing on a motion for relief from judgment if `the motion and affidavits contain allegations of operative facts which would warrant relief under the rule.' * * * `If the material submitted by the movant in support of a motion for relief from judgment under Civil Rule 60(B) contains no operative facts or meager and limited facts and conclusions of law, it will not be an abuse of discretion for *Page 6 
the trial court to overrule the motion and refuse to grant a hearing.'"Mamula v. Mamula, 11th Dist. No. 2005-T-0148, 2006-Ohio-4176, at ¶ 26. (Internal citations omitted.)
 {¶ 15} In this case, the trial court found Reichard failed to set forth any meritorious defense to foreclosure by her Civ. R. 60(B) motion, thus failing to meet the first part of the GTE test. As a result, she was not entitled to an evidentiary hearing on the motion.
 {¶ 16} In light of the trial court's decision, we will consider Reichard's two assignments of error together to determine whether she stated a meritorious defense. A Civ. R. 60(B) movant need not prove he or she will prevail on their claim or defense. Kostoglou v. DA Truckingand Excavating Inc., 7th Dist. No. 06-MA-77, 2007-Ohio-3399, at ¶ 19. However, the movant needs to allege operative facts regarding the claim or defense with sufficient specificity to allow the trial court to decide whether they have met the GTE test. Id.
 {¶ 17} First, Reichard argues she should not be held liable for Kaehne's debt. Reichard maintains that it appears undisputed that the promissory note secured by the subject mortgage represents Kaehne's debt alone; certainly, she never signed that note.
 {¶ 18} The simple answer to this is that, while she may not be liable on the underlying note, Reichard did execute the mortgage. In effect, by signing the mortgage, she pledged her undivided one-half interest in the property as security for Kaehne's note.
 {¶ 19} While admitting she cannot find Ohio precedent exactly on point, Reichard cites to a series of cases for the proposition that an innocent co-owner of property should be allowed to recoup amounts voluntarily paid to satisfy a co-owner's debt. *Page 7 
However, Reichard does not direct this court to any precedent requiring an innocent lender to forgo payment from a debtor in order to achieve this end.
 {¶ 20} Although Reichard cites to five cases in support of her proposition that she should not be held liable on the mortgage since the debt it secures is not hers, each case may be differentiated.
 {¶ 21} In ABN AMRO Mtge. Group, Inc. v. Henson, 5th Dist. No. 04CA8,2005-Ohio-2725, the court of appeals reversed and remanded an entry of partial summary judgment in favor of appellee-mortgagee against appellant-trustee of the beneficial owner of 30 percent of an undivided one-half interest in real property. Id. at ¶ 1-4, 17-19. The late owner had left the property in trust for her son until he reached the age of 25; unbeknownst to the trustee or beneficial owner, his father executed three mortgages on the entire property. Id. at ¶ 1-5. ABN AMRO, one of the mortgagees, filed for foreclosure, which the trial court granted in part. Id. at ¶ 6. Reversing, the court of appeals found that the appellant had neither knowledge of, nor participated in, the debt encumbering the real estate and could not be held liable. Id. at ¶ 16.
 {¶ 22} In this case, Reichard did not participate in the debt represented by Kaehne's note, but she fully participated in making the mortgage securing that note.
 {¶ 23} Reichard next cites Sturgess v. Sturgess (Aug. 15, 1983), 5th Dist. No. 82-CA-17, 1983 Ohio App. LEXIS 13637, for the proposition that Ohio courts will order partition when a mortgagee brings a foreclosure action against an undivided one-half interest in real property. However, a close reading of Sturgess indicates that the mortgage in question encumbered only one of the undivided half-interests in the property. Id. at *3. By contrast, in this case, the mortgage encumbered both undivided *Page 8 
one-half interests in the property. Thus, the mortgage action in the case sub judice is against the entire property, and the holding inSturgess is not applicable to the instant case.
 {¶ 24} Reichard cites to Gardner v. Cooke (July 31, 1985), 12th Dist. No. CA84-12-87, 1985 Ohio App. LEXIS 8408, for the proposition that the survivor of two persons holding property as joint tenants, who takes sole ownership pursuant to a survivorship deed, will not be held liable on a note executed by the deceased tenant. Id. at *3-9. This is beside the point. In Gardner, the trial court concluded the mortgage note remained the sole obligation of the decedent's estate and granted appellee-survivor reimbursement for payments made on the mortgage. Id. at *2-3. It appears that decedent was sole obligor on the mortgage note. The Twelfth Appellate District reversed, holding that, while the decedent's estate was primarily liable, the surviving tenant took subject to the mortgage, and could either continue to make payments on it and retain the property, or vacate. Id. at *9-15.
 {¶ 25} In this case, Reichard is, herself, an obligor on the mortgage, if not on the underlying note. Further, under the rationale inGardner, she might be required, in equity, to pay the mortgage if she wished to retain the property.
 {¶ 26} Reichard cites to Neubert v. Cassidy (Feb. 16, 2000), 9th Dist. No. 2954-M, 2000 Ohio App. LEXIS 519, for the proposition that one co-tenant who continues to make tax, insurance, and mortgage payments on a property is entitled to contribution from her co-tenant who vacates the premises. Id. at *14. In the instant case, there is no evidence Reichard continued to make the mortgage payments on the subject property; and, under Neubert, the party potentially liable to her for contribution is *Page 9 
Kaehne — not her mortgagee, MERS. Consequently, Neubert is inapplicable to the instant case.
 {¶ 27} Finally, Reichard cites to Ogan v. Ogan (1997),122 Ohio App.3d 580, for the proposition that a surviving spouse who pays a decedent's debts may be entitled to reimbursement from the decedent's estate. Id. at 586. Again, the proposition has nothing to do with the instant matter, which is whether Reichard is obligated under the mortgage she signed.
 {¶ 28} Reichard also argues she presented a meritorious defense to foreclosure in that the subject mortgage does not comply with the requirements of R.C. 5302.12. Specifically, she asserts she did not sign the mortgage as a grantor. She points to the fact that, in the "Definitions" portion of the mortgage, Kaehne alone is described as the "Borrower," and that the mortgage thereafter provides that the "Borrower is the mortgagor under this Security Instrument."
 {¶ 29} We respectfully believe the argument is without merit. As noted previously, Reichard initialed each page of the mortgage, and she signed the signature page as a "Borrower." R.C. 5302.12 only requires that a mortgage follow "in substance" the form set forth in that section; it does not demand perfection. A typographical error is not a substantial error.
 {¶ 30} The assignments of error are without merit.
 {¶ 31} The judgment of the Portage County Court of Common Pleas is affirmed.
MARY JANE TRAPP, J., concurs
 COLLEEN MARY O'TOOLE, J., dissents with Dissenting Opinion. *Page 10