[Cite as *Rice v. Rice*, 2011-Ohio-3099.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


SCOTT RICE

      Plaintiff-Appellant

-vs-

FAITH RICE

      Defendant-Appellee

JUDGES:
Hon. John W. Wise, P. J.
Hon. Julie A. Edwards, J.
Hon. Patricia A. Delaney, J.

Case No. 10 CA F 11 0091


O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 97 DR A 04097 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | June 23, 2011 |

APPEARANCES:

For Plaintiff-Appellant

ROBERT J. MANN
ROBERT J. MANN & ASSOC.
150 East Mound Street, Suite 308
Columbus, Ohio  43215

MARY SPAHIA-CARDUCCI
CARDUCCI & ASSOCIATES
150 East Mound Street, Suite 308
Columbus, Ohio  43215

For Defendant-Appellee

DOUGLAS J. BEHRINGER
c/o FOP/OLC., INC.
222 East Town Street
Columbus, Ohio  43215

JAMES B. HARRIS
HARRIS, MCCLELLAN, BINAU & COX
37 East Broad Street, Suite 950
Columbus, Ohio  43215

*Wise, P. J.*

{¶1}  Plaintiff-Appellant Scott Rice appeals from the decision of the Delaware County Court of Common Pleas, Domestic Relations Division, which dismissed his motion to terminate shared parenting pursuant to Civ.R. 41(B)(2). Defendant-Appellee Faith Rice nka Behringer is appellant's former spouse. The relevant facts leading to this appeal are as follows.

{¶2}  On May 8, 1998, appellant and appellee were granted a divorce by the Delaware County Court of Common Pleas, Domestic Relations Division. The divorce decree incorporated a shared parenting plan concerning the parties' twin sons, C.R. and C.R., born in 1996. The twins are now teenagers and, among other things, are avid hockey players.

{¶3}  Pursuant to a modification of the plan on August 3, 2001, Appellee Faith was named residential parent for school purposes.

{¶4}  The parties were again before the trial court in 2005 and 2006, resulting in an order on April 4, 2006 incorporating a memorandum of agreement of the parties as to shared parenting.

{¶5}  On June 5, 2008, appellant filed a motion for modification of parental rights and responsibilities and modification of child support. He specifically therein requested a termination of shared parenting on the basis of substantial change in circumstances. Appellant averred that, inter alia, appellee was interfering with the boys' hockey activities and that she failed "to provide for the children to attend middle school in a public or private school district other than the Columbus City Schools." Affidavit in Support, June 5, 2008, at 1.

{¶6} The case proceeded to an evidentiary hearing before a magistrate on February 10, 2010. As further discussed infra, the children were not interviewed in camera during the proceedings, nor did the guardian ad litem testify, although his report was proffered, but not admitted or considered by the magistrate.

{¶7} At the close of appellant's case-in-chief, appellee moved for a dismissal under Civ.R. 41(B)(2), contending appellant had failed to show a change in circumstances warranting any modification of the shared parenting arrangement. The magistrate granted the motion to dismiss via a ten-page written decision issued March 18, 2010.

{¶8} Appellant thereupon filed timely objections to the magistrate's decision.

{¶9} On October 25, 2010, the trial court overruled appellant's objections and adopted the magistrate's decision via judgment entry.

{¶10} On November 19, 2010, appellant filed a notice of appeal. He herein raises the following eleven Assignments of Error:

{¶11} "I. THE LOWER COURT ERRED IN OVERRULING [APPELLANT'S] OBJECTIONS AND AFFIRMING THE MAGISTRATE'S DECISION WHERE THE COURT ERRONEOUSLY CREATED A BIFURCATED STANDARD REQUIRING A PARTY TO FIRST SHOW A CHANGE IN CIRCUMSTANCES BEFORE A MINOR CHILD WILL BE INTERVIEWED, WHEN SUCH HOLDING IS CONTRARY TO OHIO LAW.

{¶12} "II. THE LOWER COURT ERRED IN OVERRULING [APPELLANT'S] OBJECTIONS AND AFFIRMING THE MAGISTRATE'S DECISION WHERE THE

COURT FAILED TO INTERVIEW THE MINOR CHILDREN AFTER A PROPER AND TIMELY REQUEST HAD BEEN MADE.

{¶13} "III. THE LOWER COURT ERRED IN OVERRULING [APPELLANT'S] OBJECTIONS AND AFFIRMING THE MAGISTRATE'S DECISION WHERE THE COURT DISREGARDED ITS OWN FEBRUARY 5, 2010 DECISION THAT A CHANGE IN CIRCUMSTANCES IS NOT A CONDITION PRECEDENT TO INTERVIEWING A MINOR CHILD.

{¶14} "IV. THE LOWER COURT ERRED IN OVERRULING [APPELLANT'S] OBJECTIONS AND AFFIRMING THE MAGISTRATE'S DECISION WHERE THE COURT FAILED TO APPOINT AN ADVOCATE OR OTHERWISE MAKE APPROPRIATE ORDERS FOR THE MINOR CHILDREN WHEN THE WISHES OF THE CHILDREN CONFLICTED WITH THE RECOMMENDATION OF THE GUARDIAN AD LITEM.

{¶15} "V. THE LOWER COURT ERRED IN OVERRULING [APPELLANT'S] OBJECTIONS AND AFFIRMING THE MAGISTRATE'S DECISION WHERE THE COURT FAILED TO CONSIDER THE REPORT AND RECOMMENDATION OF THE GUARDIAN AD LITEM.

{¶16} "VI. THE LOWER COURT ERRED IN OVERRULING [APPELLANT'S] OBJECTIONS AND AFFIRMING THE MAGISTRATE'S DECISION WHERE THE COURT WHERE THE COURT FAILED TO ALLOW [APPELLANT] TO SUBMIT SPECIFIED PORTIONS OF THE GUARDIAN AD LITEM'S REPORT.

{¶17} "VII. THE LOWER COURT ERRED IN OVERRULING [APPELLANT'S] OBJECTIONS AND AFFIRMING THE MAGISTRATE'S DECISION WHEN THE

COURT RULED THAT THE GUARDIAN AD LITEM WOULD TESTIFY AND GIVE HIS REPORT AFTER THE PRESENTATION OF ALL EVIDENCE, BUT THE COURT THEN TERMINATED THE HEARING ON ORAL MOTION WITHOUT EVER HEARING FROM THE GUARDIAN AD LITEM OR RECEIVING HIS REPORT.

**{¶18}** "VIII.  THE LOWER COURT ERRED IN OVERRULING [APPELLANT'S] OBJECTIONS AND AFFIRMING THE MAGISTRATE'S DECISION WHERE THE LOWER COURT ERRONEOUSLY CREATED A BIFURCATED STANDARD HOLDING A CHANGE IN CIRCUMSTANCES MUST BE SHOWN IN ORDER FOR [APPELLANT'S] MOTION TO BE HEARD WHERE NO SUCH SHOWING IS REQUIRED BEFORE TERMINATING A SHARED PARENTING PLAN.

**{¶19}** "IX.  THE LOWER COURT ERRED IN OVERRULING [APPELLANT'S] OBJECTIONS AND AFFIRMING THE MAGISTRATE'S DECISION BASED ON AN ALLEGED FAILURE TO DEMONSTRATE A CHANGE IN CIRCUMSTANCES WHEN SUCH A CHANGE IN CIRCUMSTANCES WAS IN FACT DEMONSTRATED.

**{¶20}** "X.  THE LOWER COURT ERRED IN OVERRULING [APPELLANT'S] OBJECTIONS AND AFFIRMING THE MAGISTRATE'S DECISION WHERE THE LOWER COURT IMPROPERLY AND PREMATURELY DISMISSED [APPELLANT'S] CASE WITHOUT INTERVIEWING THE CHILDREN AND WITHOUT HEARING FROM THE GUARDIAN AD LITEM.

**{¶21}** "XI.  THE TRIAL COURT ERRED IN OVERRULING [APPELLANT'S] OBJECTIONS AND AFFIRMING THE MAGISTRATE'S DECISION WHERE THE LOWER COURT'S DECISION CONTAINS ERRORS OF LAW, IS AGAINST THE

MANIFEST WEIGHT OF THE EVIDENCE, AND CONSTITUTES AN ABUSE OF DISCRETION."

I., II.

**{¶22}** In his First and Second Assignments of Error, appellant contends the trial court erred in requiring him to demonstrate a change in circumstances before permitting an in camera interview between the court and the children. We disagree.

**{¶23}** R.C. 3109.04(B)(1) states as follows: "(B)(1) When making the allocation of the parental rights and responsibilities for the care of the children under this section in an original proceeding or in any proceeding for modification of a prior order of the court making the allocation, the court shall take into account that which would be in the best interest of the children. *In determining the child's best interest* for purposes of making its allocation of the parental rights and responsibilities for the care of the child and for purposes of resolving any issues related to the making of that allocation, *the court, in its discretion, may and, upon the request of either party, shall interview in chambers any or all of the involved children regarding their wishes and concerns with respect to the allocation.*" (Emphases added).

**{¶24}** Furthermore, R.C. 3109.04(E)(1)(a) states in pertinent part: "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. ***."

{¶25} In addition, R.C. 3109.04(E)(2)(c) states in pertinent part: "The court may terminate a prior final shared parenting decree that includes a shared parenting plan approved under division (D)(1)(a)(i) of this section upon the request of one or both of the parents or whenever it determines that shared parenting is not in the best interest of the children. ***."

{¶26} In *Oliver v. Arras*, Tuscarawas App.No. 2001 AP 11 0105, 2002-Ohio-1590, we held that the "best interest" language of R.C. 3109.04(E)(2)(c) is subordinate to the general "change of circumstances" provision of R.C. 3109.04(E)(1)(a). Recently, in *Brocklehurst v. Duncan*, Muskingum App.No. CT10-0026, 2010-Ohio-5978, we upheld our holding in *Oliver*, indicating that change of circumstances is a "threshold question" in deciding a shared parenting termination issue. Id. at ¶ 19. Also, in *Cossin v. Holley*, Morrow App.No. 2006CA0014, 2007-Ohio-5258, we recognized: "The initial determination to be made by the trial court [regarding a motion to terminate shared parenting] is whether there has been a change of circumstances of the child or the residential parent since the prior court order. *** This finding should be made prior to weighing the child's best interest." Id. at ¶ 34, citing *Wyss v. Wyss* (1982), 3 Ohio App.3d 412, 414, 445 N.E.2d 1153 and *Green v. Green* (Mar. 31, 1998), Lake App. No. 96-L-145. See, also, *Handy v. Handy*, Tuscarawas App.No. 2006AP110064, 2007-Ohio-4423, ¶ 16-¶ 17.

{¶27} In light of the foregoing precedent, we hold appellant's claim that the trial court improperly required a demonstration of a change in circumstances before permitting an in camera interview is without merit. Appellant's First and Second Assignments of Error are therefore overruled.

III.

**{¶28}** In his Third Assignment of Error, appellant contends the trial court erred in declining to permit an in camera interview between the court and the children, despite having issued a preliminary ruling that a change in circumstances would not be a prerequisite to such an interview. We disagree.

**{¶29}** Appellant points out the following preliminary ruling by the magistrate, which was set forth in the magistrate's pre-trial order of February 5, 2010: "A judicial determination of the existence of a change of circumstances is not a condition precedent to the granting of an in camera interview as required by O.R.C. section 3109.04(B)(1)." Id. at 1.

**{¶30}** We are unpersuaded that this initial determination by the magistrate conflicts with his ultimate decision not to conduct an in camera interview with the children. The magistrate's wording simply recognizes that a court *may* conduct an in camera interview even if the "change of circumstances" question is preliminarily unsettled in a given case. However, as we have previously herein set forth, R.C. 3109.04 does not *mandate* such an interview where there has been no demonstration of a change of circumstances and the matter of best interests will not be reached.

**{¶31}** Appellant's Third Assignment of Error is overruled.

V., VI., VII.

**{¶32}** In his Fifth, Sixth, and Seventh Assignments of Error, which we will jointly address out of sequence, appellant maintains the trial court erred in dismissing appellant's shared parenting termination motion (pursuant to Civ.R. 41(B)(2)) without

hearing from the guardian ad litem or receiving his report into evidence, and without allowing appellant to submit portions of said report. We disagree.

{¶33} R.C. 3109.04(F)(2) states in pertinent part as follows:

{¶34} "In determining whether shared parenting is in the best interest of the children, the court shall consider all relevant factors, including, but not limited to, the factors enumerated in division (F)(1) of this section, the factors enumerated in section 3119.23 of the Revised Code, and all of the following factors *** (e) The recommendation of the guardian ad litem of the child, if the child has a guardian ad litem."

{¶35} In *In re Cordell* (Apr. 2, 1992), Cuyahoga App. Nos. 60049 and 60050, 1992 WL 67629, the Eighth District Court of Appeals concluded that any claim of error arising from a guardian ad litem's failure to file a written report is waived when the argument is not raised in the trial court. In the case sub judice, appellant's trial counsel rested his case without requesting admission of the guardian ad litem's report or calling him as a witness. See Tr. at 145. The magistrate subsequently told appellant's trial counsel that if the report was to be entered as evidence, it would have to be entered in toto and without redactions. Again, appellant's trial counsel stated he would not agree to such an admission without the opportunity to cross-examine the guardian ad litem. Tr. at 151-152. This was perhaps a strategic decision by counsel, as the guardian ad litem's report, which was proffered for the record, ultimately contains a recommendation that the status quo should remain under the shared parenting plan, with the exception of slight parenting time changes during the school year and vacation times.

{¶36} Furthermore, Ohio's statutory scheme for modifying parental rights and responsibilities requires a two-part determination: whether a change in circumstances has occurred and, if so, whether a modification is in the best interest of the child. See *Neighbor v. Jones,* Summit App.No. 24032, 2008-Ohio-3637, ¶ 6. Because the trial court went no further than the change of circumstances threshold in this instance, we hold the court did not commit reversible error in its handling of the guardian ad litem's participation under the facts and circumstances of this case.

{¶37} Accordingly, appellant's Fifth, Sixth, and Seventh Assignments of Error are overruled.

IV.

{¶38} In his Fourth Assignment of Error, appellant maintains the trial court erred by failing to take steps on behalf of the children where the guardian ad litem's recommendations purportedly conflicted with the children's wishes.[1] We disagree.

{¶39} Appellant directs us to Superintendence Rule 48(D)(8), which states: "When a guardian ad litem determines that a conflict exists between the child's best interest and the child's wishes, the guardian ad litem shall, at the earliest practical time, request in writing that the court promptly resolve the conflict by entering appropriate orders."

{¶40} Because Sup.R. 48 is a general guideline that does not have the force of statutory law, an appellant does not have any substantive right to enforce it. *In re E.W.*, Washington App.Nos. 10CA18, 10CA19, 10CA20. 2011-Ohio-2123, ¶ 15. Moreover,

---

[1] Appellant's present wife, Sandra, testified that the boys have indicated to her that they wish to reside in appellant's household. Tr. at 30.

the record does not reflect that either appellant or the guardian ad litem reported to the court this alleged conflict between the children's best interests and the children's wishes. The Ohio Supreme Court has long recognized: "In the great majority of cases, a complaining party must timely object to the error he feels is being committed, and must, upon review, demonstrate that he has been prejudiced by its commission." *State v. Williams* (1974), 39 Ohio St.2d 20, 313 N.E.2d 859, at paragraph one of the syllabus.

**{¶41}** Accordingly, appellant's Fourth Assignment of Error is overruled.

VIII.

**{¶42}** In his Eighth Assignment of Error, appellant maintains the trial court erred in determining that he was required to demonstrate a change in circumstances before the termination of the parties' shared parenting plan. We disagree.

**{¶43}** Appellant essentially challenges the trial court's reliance on *Fisher v. Hasenjager*, 116 Ohio St.3d 53, 876 N.E.2d 546, 2007-Ohio-5589, wherein the Ohio Supreme Court held, at the syllabus: "A modification of the designation of residential parent and legal custodian of a child requires a determination that a 'change in circumstances' has occurred, as well as a finding that the modification is in the best interest of the child."

**{¶44}** Appellant maintains that *Fisher* is inapplicable to the case sub judice, as appellant herein was seeking a "termination" of shared parenting, as opposed to a "modification." Nonetheless, as per our analysis of appellant's First and Second assigned errors, supra, we find no reversible error in the trial court's interpretation of the requirement of change in circumstances.

{¶45} Accordingly, appellant's Eighth Assignment of Error is overruled.

IX.

{¶46} In his Ninth Assignment of Error, appellant contends the trial court erred in deciding, on the merits, that he had failed to demonstrate a change in circumstances for purposes of shared parenting. We disagree.

{¶47} Our general standard of review in assessing the disposition of child-custody matters is that of abuse of discretion. *Miller v. Miller* (1988), 37 Ohio St.3d 71, 73-74. Furthermore, as an appellate court reviewing evidence in custody matters, we do not function as fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base his or her judgment. See *Dinger v. Dinger,* Stark App.No. 2001 CA00039, 2001-Ohio-1386. In proceedings involving the custody and welfare of children, the power of the trial court to exercise discretion is peculiarly important. See *Thompson v. Thompson* (1987), 31 Ohio App.3d 254, 258, 511 N.E.2d 412, citing *Trickey v. Trickey* (1952), 158 Ohio St. 9, 13, 106 N.E.2d 772.

{¶48} Civ. R. 41(B)(2) provides, in pertinent part:

{¶49} "After the plaintiff, in an action tried by the court without a jury, has completed the presentation of the plaintiff's evidence, the defendant, * * * may move for a dismissal on the grounds that upon the facts and the law, the plaintiff has shown no right to relief."

{¶50} Civ.R. 41(B)(2) thus permits a defendant in a nonjury action to move for dismissal of the action after the close of the plaintiff's case. Civ.R. 41(B)(2) specifically

provides the trial court may consider both the law and the facts. Therefore, under the rule, the trial judge, as the trier of fact, does not view the evidence in a light most favorable to the plaintiff, but instead actually determines whether the plaintiff has proven the necessary facts by the appropriate evidentiary standard. See *L.W. Shoemaker, M.D., Inc. v. Connor* (1992), 81 Ohio App.3d 748, 612 N.E.2d 369; *Harris v. Cincinnati* (1992), 79 Ohio App.3d 163, 607 N.E.2d 15. Where the plaintiff's evidence is insufficient to sustain plaintiff's burden in the matter, the trial court may dismiss the case. *Levine v. Beckman* (1988), 48 Ohio App.3d 24, 27, 548 N.E.2d 267, (citations and emphasis omitted). A trial court's ruling on a Civ.R. 41(B)(2) motion will be set aside on appeal only if it is erroneous as a matter of law or against the manifest weight of the evidence. *Ogan v. Ogan* (1997), 122 Ohio App.3d 580, 583, 702 N.E.2d 472, (citation omitted).

{¶51} R.C. 3109.04 does not define "change in circumstances." Ohio courts have held that the phrase is intended to denote "an event, occurrence, or situation which has a material and adverse effect upon a child." *Rohrbaugh v. Rohrbaugh* (2000), 136 Ohio App.3d 599, 604-605, 737 N.E.2d 551, citing *Wyss*, supra, at 416.

{¶52} Appellant has asserted the following summary of developments as the basis for a finding of change in circumstances: Appellee has been "openly hostile and belligerent" in front of the boys. Appellant's Brief at 24. There has been a "marked deterioration in the parties' communication and cooperation." Appellant's Brief at 25. Appellee refused to allow the boys to play hockey during the 2007-2008 season because appellant would have been their coach that year. Appellee did not cooperate in transporting C.R. and C.R. to hockey games and practices for much of the 2008-

2009 season. Appellee has blocked cell phones so that appellant cannot reach the boys via that means of communication. The boys have matured into their teenage years and have more understanding of the realities of living with one parent versus the other. Finally, appellant contends the evidence shows the boys have not had adequate supervision.

{¶53} However, upon review of the record, we are not inclined to find an abuse of discretion or substitute our judgment for that of the trial court in its rejection of appellant's claim of a change in circumstances and the court's resultant Civ.R. 41(B)(2) dismissal.

{¶54} Accordingly, appellant's Ninth Assignment of Error is overruled.

X., XI.

{¶55} In his Tenth and Eleventh Assignments of Error, appellant contends the trial court erred in dismissing appellant's shared parenting termination motion without hearing from the guardian ad litem and without interviewing the children, and that the trial court's decision was erroneous, against the manifest weight of the evidence, and an abuse of discretion.

{¶56} We find the remaining arguments set forth in appellant's brief at this juncture have been previously addressed herein by this Court, particularly in our redress of assigned errors Five, Six, Seven, and Nine.

{¶57} Accordingly, appellant's Tenth and Eleventh Assignments of Error are overruled.

{¶58} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Delaware County, Ohio, is affirmed.

By: Wise, P. J.

Edwards, J., and

Delaney, J., concur.

_____

_____

_____

JUDGES

JWW/d 0613

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

SCOTT RICE                                      :
                                                :
    Plaintiff-Appellant                      :
                                                :
-vs-                                            :          JUDGMENT ENTRY
                                                :
FAITH RICE                                      :
                                                :
    Defendant-Appellee                       :          Case No. 10 CA F 11 0091


       For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Delaware County, Ohio, is affirmed.

       Costs assessed to appellant.


                                           _____

                                           _____

                                           _____

                                                   JUDGES